**Stanley LAVERY, Plaintiff, Appellant,**

v.

**John O. MARSH, Jr.,**
**Defendant, Appellee.**

**No. 90–1412.**

United States Court of Appeals,
First Circuit.

Heard Sept. 14, 1990.
Decided Nov. 20, 1990.

Ernest C. Hadley, Wareham, Mass., for plaintiff, appellant.

Paul G. Levenson, Asst. U.S. Atty., Somerville, Mass., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief, for defendant, appellee.

Before TORRUELLA, Circuit Judge, BOWNES, Senior Circuit Judge, and CYR, Circuit Judge.

BOWNES, Senior Circuit Judge.

We are asked to decide an issue of first impression in this circuit, namely, what pe-

---

riod of limitations following a final agency decision applies to an action alleging age discrimination brought by a federal employee pursuant to the Age Discrimination in Employment Act ("ADEA," "the Act"), 29 U.S.C. § 633a. There is also an issue of equitable tolling. Plaintiff-appellant Stanley J. Lavery appeals from the dismissal by the district court of his age discrimination claim against his employer, defendant-appellee, the Secretary of the Army ("the Secretary"). *See Lavery v. Marsh*, 727 F.Supp. 728 (D.Mass.1989).

## I. FACTS [1] AND PROCEDURAL HISTORY

In August 1984, Lavery was a 59-year-old Contract Cost and Price Analyst, employment grade GS-12, with the Army Materials Technology Laboratory ("MTL"). In response to MTL's solicitation for applications for the position of Procurement Officer, GS-13, Lavery applied for the job. In November 1984, a 38-year-old woman, whom Lavery claims was less qualified, was selected for the position.

In December 1984, Lavery filed an administrative complaint with the Army claiming age discrimination in his nonselection for the promotion. Although an administrative judge of the Equal Employment Opportunity Commission ("EEOC") found discrimination, that decision was ultimately rejected by the agency. The EEOC Office of Review and Appeals affirmed the agency decision of no discrimination and on March 3, 1989, denied Lavery's request to reopen and reconsider, issuing a final administrative decision rejecting his claim.

Within the EEOC's March 3 decision there appeared, in pertinent part, the following notice to Lavery:

STATEMENT OF APPELLANT'S RIGHTS—ON REQUEST TO REOPEN RIGHT TO FILE A CIVIL ACTION

You are hereby notified that there is no further right of appeal from a decision of the Commission on a Request to Reopen. You have the right to file a civil action in an appropriate United States District Court *WITHIN THIRTY (30) DAYS* of the date that you receive this decision. As to any claim based on the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a), you *MAY* have up to six years after the right of action first accrued in which to file a civil action. *See Lehman v. Nakshian*, 453 U.S. 156 [101 S.Ct. 2698, 69 L.Ed.2d 548] (1981); 29 U.S.C. 633a(f); and 28 U.S.C. 2401(a).

\*    \*    \*    \*    \*    \*

APPOINTMENT OF COUNSEL

\*    \*    \*    \*    \*    \*

Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action *MUST BE FILED WITHIN THIRTY (30) DAYS* from the date that you receive the Commission's decision.

(Emphasis original). After receiving this notice, Lavery's attorney withdrew. In May 1989, Lavery retained new counsel.

On July 7, 1989, over four months after the final agency decision and four and one-half years after the alleged discriminatory failure to promote, Lavery filed this complaint in district court, pursuant to 29 U.S.C. § 633a, alleging age discrimination. The Secretary moved to dismiss, arguing that because the suit was filed over thirty days after the final EEOC decision, it was time-barred. The Secretary argued that, despite the lack of a specific statute of limitations, the age discrimination claim of a federal employee was subject to the same thirty-day period of limitations as applies to federal employee claims of discrimination based on race, color, religion, sex or national origin. *See* 42 U.S.C. § 2000e-16(c) ("Title VII"). Lavery countered that, as there is no express period of limitations in section 633a, the catchall six-year statute of limitations for actions against the United States applies, and his suit was timely. *See* 28

---

1. We take the allegations in appellant's complaint as true because the case was decided below on a motion to dismiss. *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989).

U.S.C. § 2401(a).[2] In the alternative, Lavery argued he was entitled to equitable tolling if the court determined the limitations period to be thirty days. The district court did determine that a section 633a action is subject to a thirty-day limitations period but allowed Lavery the further opportunity to show cause why he was entitled to equitable relief from the period of limitations. Lavery's subsequent motion for equitable relief was denied, and the defendant's motion to dismiss was granted.

## II. THE STATUTE OF LIMITATIONS

■ The ADEA, as enacted in 1967, prohibited discrimination in private employment on the basis of age, 29 U.S.C. §§ 621 *et seq.*, incorporating the enforcement scheme of the Fair Labor Standards Act ("FLSA"). In 1974, Congress extended the Act's coverage to state and local government employees by amending the definition of "employer"; it "added an entirely new section, § 15 [29 U.S.C. § 633a], to address the problems of age discrimination in federal employment. Here Congress deliberately prescribed a distinct statutory scheme applicable only to the federal sector, and one based not on the FLSA but ... on Title VII" of the Civil Rights Act of 1964. *Lehman v. Nakshian*, 453 U.S. 156, 166–167, 101 S.Ct. 2698, 2704–2705, 69 L.Ed.2d 548 (1981).

Although the ADEA contains a statute of limitations for claims against private employers, 29 U.S.C. § 626(e)(1) (two years or, for willful violations, three years), there is no express limitations provision in section 633a. This silence results in the precise question we must decide, i.e., within what length of time after a final agency decision must a complaint alleging age discrimination in federal employment be filed in district court.[3]

We are compelled to note at the outset that there are virtually as many different answers to the question presented here as there are courts that have dealt with it. Many courts have decided on a limitations period of thirty days, *e.g., Strazdas v. Baker*, 689 F.Supp. 310 (S.D.N.Y.1988); *Caraway v. Postmaster General*, 678 F.Supp. 125 (D.Md.1988). One court has determined the limitations period to be six years. *Lubniewski v. Lehman*, 891 F.2d 216 (9th Cir.1989). One has decided that the limitations period is either two or three years but is in no event thirty days or six years. *Coleman v. Nolan*, 693 F.Supp. 1544 (S.D.N.Y.1988). Another has applied the private-sector two-year limitations period, *Wiersema v. TVA*, 648 F.Supp. 66 (E.D.Tenn.1986), notwithstanding the Act's command that the private sector provisions of the statute, with one exception not pertinent here, do not apply to federal employees. 29 U.S.C. § 633a(f). And still another court has rejected a thirty-day limitations period without adopting an alternative, admitting that it was "unable to determine precisely what Congress had in mind." *Bornholdt v. Brady*, 869 F.2d 57, 60 (2d Cir.1989). Although we too cannot say with certainty what Congress' intent was, we agree with the Secretary and the district court that it is most reasonable to impute to Congress an intent that ADEA federal employee actions be subject to the same limitations period as other federal employee discrimination claims. We have, therefore, determined that the applicable period of limitations for federal ADEA actions is the same as that for claims pursuant to Title VII of the Civil Rights Act— thirty days following receipt of the final administrative order.

The Supreme Court has charted the course for interpreting legislative intent where, as here, Congress created a cause

---

**2.** 28 U.S.C. § 2401(a) provides in pertinent part, "Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

**3.** The Act allows a federal employee to choose administrative relief prior to a civil action or to

proceed directly to court. If a complainant chooses to sidestep the administrative process, the Act provides a limitations period. 29 U.S.C. § 633a(d). "[I]n lieu of pursuing administrative relief, the employee may proceed directly to federal district court ... no later than 180 days from the alleged discriminatory act...." *Castro v. United States*, 775 F.2d 399, 403 (1st Cir.1985).

of action but was silent with regard to the period of limitations that should apply.

As is often the case in federal civil law, there is no federal statute of limitations expressly applicable to this suit. In such situations we do not ordinarily assume that Congress intended that there be no time limit on actions at all; rather, our task is to "borrow" the most suitable statute or other rule of timeliness from some other source.

*DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983). Borrowing a limitations period from another federal source is particularly appropriate, the Court explained, when the borrowed statute was "actually designed to accommodate a balance of interests very similar to that at stake" in the case at hand and was "in fact, an analogy" to the statute containing no limitations provision. *Id.* at 169, 103 S.Ct. at 2293. *See also Agency Holding Corp. v. Malley–Duff & Assocs.*, 483 U.S. 143, 151, 107 S.Ct. 2759, 2764, 97 L.Ed.2d 121 (1987) (borrowing Clayton Act statute of limitations for RICO civil enforcement action because, *inter alia*, both "statutes aim to compensate the same type of injury.").

A natural source for borrowing a statute of limitations for age discrimination cases is Title VII, as "the ADEA and Title VII share a common purpose, the elimination of discrimination in the workplace...." *Os-*

*car Mayer & Co. v. Evans*, 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979). In fact, the ADEA amendment prohibiting federal-sector age discrimination was patterned after 42 U.S.C. § 2000e–16(a), (b), the amendments to Title VII extending that statute's protection to federal employees. *Nakshian*, 453 U.S. at 163–164, 101 S.Ct. at 2702–2703. The federal employment age discrimination amendment was thus intended to be "'substantially similar to'" the federal workplace counterpart in Title VII. *Id.* at 167 n. 15, 101 S.Ct. at 2705 n. 15 (quoting remarks of Senator Bentsen, 118 Cong.Rec. 24397 (1972)). In light of the expressed congressional intent to prohibit age discrimination by federal employers in a manner substantially similar[4] to the prohibition against other types of discrimination, the most logical limitations period to borrow here would be the thirty-day statute of limitations of Title VII. *See Matthews v. United States Postal Service*, 49 Fair Empl.Prac.Cas. (BNA) 311 (N.D.N.Y.1989); *Strazdas v. Baker; Caraway v. Postmaster General; Healy v. United States Postal Service*, 677 F.Supp. 1284 (E.D.N.Y.1987); *Ramachandran v. United States Postal Service*, 43 Fair Empl.Prac.Cas. (BNA) 1759 (C.D.Cal. 1987), *aff'd*, 848 F.2d 1243 (9th Cir.1988), *cert. denied*, 489 U.S. 1082, 109 S.Ct. 1538, 103 L.Ed.2d 843 (1989); *White v. Department of Air Force*, 49 Fair Empl.Prac.Cas. (BNA) 1038 (N.D.Tex.1987).

---

**4.** There are, however, differences in the enforcement schemes between the two anti-discrimination statutes. One court found these differences sufficiently material to prevent an inference that Congress intended the same limitations period to apply to both:

Unlike Title VII which requires an aggrieved federal employee to initiate administrative remedies, *see* 42 U.S.C. § 2000e–16(c), the ADEA allows a federal employee either to initiate administrative remedies or to file suit in federal court after filing a notice of intent to sue, *see* 29 U.S.C. § 633a(b) & (d). Moreover, unlike section 2000e–16(c), which specifically provides that a plaintiff must exhaust administrative remedies unless certain exceptions are applicable, section 633a(c) does not require a plaintiff who initiates administrative remedies to exhaust those remedies before bringing suit in federal court. Most importantly, section 2000e–16(c) clearly sets forth a

thirty-day limitations period beginning with receipt of notice of final agency action, while section 633a is silent as to the period in which a plaintiff who first pursued administrative remedies must commence a civil action. Moreover, under Title VII the applicable regulations require that an agency must notify an employee or applicant of the thirty-day time limit for the filing of a Title VII civil action after final agency action. *See* 29 C.F.R. § 1613.282. However, this provision is expressly made inapplicable to age discrimination complaints filed by federal employees. *See id.* at § 1613.514.

*Coleman v. Nolan*, 693 F.Supp. 1544, 1547 (S.D. N.Y.1988). We do not agree that these differences are of overriding significance. Rather, we are persuaded by the reasoning of the district court below that Title VII is not essentially different from section 633a. *See Lavery v. Marsh*, 727 F.Supp. 728, 734–735 (D.Mass.1989).

Lavery, however, contends that Title VII is the wrong choice for a borrowing source, in light of legislative history that he claims shows Congress did not intend the Title VII thirty-day limitations period to apply to the ADEA. As originally proposed, section 633a contained an express provision, parallel to that in Title VII, requiring civil actions to be filed within thirty days after a final agency decision. S. 1861, 92d Cong., 2d Sess., 118 Cong.Rec. 15895 (1972). When it was reported out of committee, however, the bill appeared essentially as section 633a in its current form, without a limitations period and without an explanation "as to the reason for the elimination of the limitations period." *Bornholdt v. Brady,* 869 F.2d at 66. Because this provision was considered by Congress and ultimately deleted, Lavery argues that we may not borrow the similar limitations period from Title VII and thereby read back into the statute that which Congress had deliberately omitted. At least two courts agree. *See Lubniewski,* 891 F.2d 216; *Bornholdt,* 869 F.2d 57.

This argument, however, rests on a premise we cannot accept. The legislative history of section 633a is silent with regard to why the thirty-day limitations period was ultimately left out. We are not free to ascribe deliberateness to Congress' omission in the absence of any evidence whatsoever that the provision was explicitly debated and rejected. *Cf. Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Development Comm'n,* 461 U.S. 190, 220, 103 S.Ct. 1713, 1730, 75 L.Ed.2d 752 (1983) (where evidence that House Committee strongly urged omission of certain language and floor manager stated why language deleted, clear that "Congress considered and rejected" it and Court would not read it in).

We simply do not know why Congress left out the thirty-day limitations provision before passing the amendment. Without an explanation, "we find this deletion alone an ambiguous indication of Congressional purpose and draw no conclusion from it."

*Rastelli v. Warden,* 782 F.2d 17, 24 n. 3 (2d Cir.1986). Absent evidence one way or the other, human error is as likely the cause for the omission as deliberation. " 'In resolving ambiguity, we must allow ourselves some recognition of the existence of sheer inadvertence in the legislative process.' " *Cass v. United States,* 417 U.S. 72, 83, 94 S.Ct. 2167, 2173, 40 L.Ed.2d 668 (1974) (citation omitted).

The legislative history thus sheds no light on what limitations period Congress specifically intended should apply to federal employee ADEA actions. Borrowing a limitations period from a closely analogous statute is the appropriate course, and Title VII's thirty-day period remains the closest analogy. *See Lehman v. Nakshian; Oscar Mayer & Co. v. Evans.*

Appellant argues that the six-year catch-all statute of limitations for actions against the United States, 28 U.S.C. § 2401(a), applies. His argument rests on two grounds: that Congress deliberately omitted the Title VII thirty-day period, and that by its terms section 2401(a) applies because his is an action against the United States. We have already rejected the premise that Congress intentionally deleted the Title VII limitations period.[5]

Furthermore, 28 U.S.C. § 2401(a) is a general statute of limitations setting an outside time limit on suits against the United States. *See generally Saffron v. Department of the Navy,* 561 F.2d 938, 941, 944–945 (D.C.Cir.1977), *cert. denied,* 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.2d 780 (1978) (discussing origin of section 2401(a) in the Tucker Act, conferring concurrent jurisdiction in the district courts and Court of Claims). In our view, Congress did not intend that this general statute should govern whenever Congress creates a cause of action without a specific limitations period. As one court has explained in rejecting the six-year statute for a federal ADEA suit, "[i]t would indeed be anomalous to hold ... that a federal catch-all provision governs

---

**5.** In *Lubniewski v. Lehman,* 891 F.2d 216 (9th Cir.1989), the Ninth Circuit agreed with appellant's position. Deciding that Congress deliber- ately deleted the thirty-day provision, *id.* at 220, the court applied the catchall six-year statute of limitations without further analysis, *id.* at 221.

with respect to ADEA claims when there are available other relevant statutory provisions more specifically geared to the claim brought." *Coleman v. Nolan*, 693 F.Supp. at 1548.[6]

Finally, the district court also looked to the provisions of the Civil Service Reform Act of 1978 ("CSRA") and found an identical thirty-day limitations period for federal employee discrimination claims, 5 U.S.C. § 7703(b)(2), and borrowed it as well. *Lavery*, 727 F.Supp. at 732. In our view Title VII is the most closely analogous statute for borrowing purposes. We agree with the district court that the CSRA thirty-day limitations period is further evidence that Congress did not intend the six-year statute of limitations to apply.

■ A statute of limitations applicable to actions against the federal government represents a limited waiver of sovereign immunity. *United States v. Mottaz*, 476 U.S. 834, 841, 106 S.Ct. 2224, 2229, 90 L.Ed.2d 841 (1986). Without a clear manifestation from Congress that it intended such a radically longer limitations period for federal age discrimination claims than for claims of race, sex, religion, color or national origin discrimination in the federal workplace, we will not impute such an intent. We hold that the thirty-day limitations period provided in Title VII applies to a federal ADEA claim.

### III. EQUITABLE TOLLING

We now consider whether Lavery is entitled to an extension of time on the basis of tolling. The district court concluded that the thirty-day filing requirement is not jurisdictional and is subject to tolling; the court further found, however, that Lavery

6. This is the only point in the *Coleman* opinion with which we agree. As noted above, n. 4, the *Coleman* court found material differences between the ADEA and Title VII which prevented it from borrowing the thirty-day limitations period. Instead, the court concluded it should borrow either a two- or three-year limitations period from other sources.

7. Of course, this is not a Title VII case. Where, as here, the limitations period is borrowed from another statute, one court has suggested that such limitation is not jurisdictional and that

was not entitled to equitable tolling on these facts.

We have considered once before, without deciding, the question of whether equitable tolling applies to the thirty-day filing period of Title VII.[7] *Rys v. United States Postal Service*, 886 F.2d 443, 445–46 (1st Cir.1989) (discussing split in the circuits and collecting conflicting circuit authorities). We again decline to decide it, not because we are reluctant, but because the very same question is currently before the Supreme Court. *Irwin v. Veterans Administration*, 874 F.2d 1092 (5th Cir.1989), cert. granted, —— U.S. ——, 110 S.Ct.1109, 107 L.Ed.2d 1017 (1990).

■ In any event, we agree with the district court that even if the doctrine of equitable tolling were to apply, on these facts it is not warranted. This court "hew[s] to a 'narrow view' of equitable exceptions to Title VII limitations periods." *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 185 (1st Cir.1989). The Supreme Court has held that equitable tolling may be granted:

> [where] a claimant has received inadequate notice, or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, or where the court has led the plaintiff to believe that she had done everything required of her, ... [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.

*Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984) (citations omitted).

tolling is appropriate. *Bornholdt v. Brady*, 869 F.2d 57, 67 (2d Cir.1989). Because a statute of limitations represents a temporal limit on the sovereign's consent to be sued, where Congress expressly provided a limitations period courts have treated the limitation as a jurisdictional prerequisite. *Id.* "But where the limitations period is borrowed in circumstances that do not reveal Congress's intent, we would not equate that judicial borrowing with a congressional limitation on the waiver of sovereign immunity." *Id.*

Lavery claims the following constituted affirmative misconduct on the part of the government: the failure of the Secretary, earlier in the proceedings, to notify Lavery of his right to file a civil action in district court; the failure of the Secretary to advise Lavery to seek competent legal advice regarding the filing period; and the misleading reference to the six-year filing period in the EEOC's final notice.

Regardless of when a claimant is notified of his right to file the civil suit, he still has thirty days from receipt of the notice of final agency action in which to proceed. Lavery has not shown that the Army's failure to notify him earlier prevented him from filing the civil action in a timely fashion. Furthermore, he was in fact represented by counsel at all relevant times. Although his lawyer throughout the administrative process withdrew after receipt of the final agency notice, Lavery retained new counsel in May 1989. As the district court pointed out, even if the limitations period were tolled while Lavery sought legal representation, his civil action, filed on July 7, was not brought within thirty days of hiring a new lawyer. *See Rys*, 886 F.2d at 447–448 (lack of diligence in pursuing claim prevents invocation of equity).

Finally, Lavery argues that he is entitled to equitable relief because of the ambiguous and misleading language in the final EEOC notice of decision, which stated, in pertinent part:

> You have the right to file a civil action in an appropriate United States District Court *WITHIN THIRTY (30) DAYS* of the date that you receive this decision. As to any claim based on the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a), you *MAY* have up to six years after the right of action first accrued in which to file a civil action. *See Lehman v. Nakshian*, 453 U.S. 156 [101 S.Ct. 2698, 69 L.Ed.2d 548] (1981); 29 U.S.C. 633a(f); and 28 U.S.C. 2401(a).
>
> \*     \*     \*     \*     \*     \*
>
> Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action *MUST BE FILED WITHIN THIR-*

> *TY (30) DAYS* from the date that you receive the Commission's decision.

(Emphasis original).

We agree that this notice is not a model of clarity. It does not, however, justify tolling the limitations period in this case. The arguably contradictory language—that claimants must file within thirty days and that age discrimination claimants may have up to six years—appears to be a reflection of the difference of judicial opinion with respect to the applicable limitations period for federal ADEA claims. Claimants residing within the jurisdiction of the Ninth Circuit *may* have up to six years, *see Lubniewski*, 891 F.2d at 221 (emphasis added), and uncertainty remains in other jurisdictions. Viewing the language in this light, we decline to hold that it constitutes "affirmative misconduct." *See Baldwin County Welcome Center*, 466 U.S. at 151, 104 S.Ct. at 1725.

More importantly, equitable modification of the limitations period may be granted "where affirmative misconduct on the part of the defendant *lulled the plaintiff into inaction.*" *Id.* (emphasis added). Nowhere does Lavery claim that he in fact was misled by the notice or in fact relied on the six-year period and was thereby lulled into inaction. *See Rys*, 886 F.2d at 447 (claimant failed to prove reliance on arguably misleading language).

## IV. CONCLUSION

We affirm the district court's holding that the applicable period of limitations is thirty days. Unlike the district court, we do not decide whether equitable tolling applies. We affirm the district court's holding that Lavery has failed to show he is entitled to equitable relief from the limitations period.

*Judgment affirmed.*