**Julius JONES, Jr., Plaintiff,**

v.

**Anthony M. FRANK, Postmaster General of the United States, Defendant.**

Civ. A. No. 91–B–1598.

United States District Court,
D. Colorado.

April 20, 1993.

Barry D. Roseman, Denver, CO, for plaintiff.

Stephen D. Taylor, Asst. U.S. Atty., Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant moves to dismiss or in the alternative for summary judgment on plaintiff Julius Jones' (Jones) age discrimination (29 U.S.C. § 633a) and Title VII (42 U.S.C. § 2000e–16) claims. The motion has been briefed fully and oral argument is unnecessary. The facts material to the resolution of the motion are undisputed and it may be determined as a matter of law. I will grant summary judgment and dismiss this action with prejudice.

Jones, an African–American male over the age of 40, alleges the United States Postal Service denied him the position of ad hoc EEO counselor on November 7, 1986 because of his race and age. He also alleges defendant denied him this promotion in retaliation for filing discrimination charges and speaking out on what he perceived to be unlawful employment practices at the postal service.

On August 28, 1990 the EEOC issued its final decision rejecting Jones' discrimination claims. On September 28, 1990 Jones filed an action here (the first action) alleging the same claims asserted in the instant action. On August 16, 1991 I dismissed Jones' first action without prejudice because he failed to serve defendant properly within the 120 days provided for by Fed.R.Civ.P. 4(j). *Jones v. Frank*, No. 90–B–1743 (D.Colo. August 16, 1991), *aff'd*, 973 F.2d 872 (10th Cir.1992). On September 16, 1991, Jones simultaneously appealed the judgment in his first action and filed the instant action. Defendant had informed Jones how to serve it properly within the 120 day time limit. *See Jones*, 973 F.2d at 873. However, he took no further action to serve defendant properly. *See Jones*, 973 F.2d at 873. On appeal the Tenth Circuit held that Jones demonstrated no legal justification for his failure to serve defendant properly. *Jones*, 973 F.2d at 873–874.

■ Defendant now contends Jones' age and race discrimination claims are time barred and not saved by equitable tolling. I agree.

Jones maintains he timely filed his age discrimination claims because these claims are subject to the residual six year statute of limitation applicable against the United States in civil non-tort actions. *See* 28 U.S.C. § 2401(a). Jones reasons that this residual six year statute of limitation applies here because there is no statute of limitation specified in that portion of the Age Discrimi-

nation in Employment Act (ADEA) which pertains to age discrimination in federal employment (29 U.S.C. § 633a).

■ Section 633a is a self contained provision in the ADEA which redresses age discrimination in federal employment. *See* 29 U.S.C. § 633a(a). Although the ADEA contains a statute of limitation for age discrimination actions against private employers, *see* 29 U.S.C. §§ 626(e)(1) and 255, section 633a does not contain its own statute of limitation for claims initially submitted to the EEOC for resolution. *See* 29 U.S.C. § 633a(c); *Stevens v. Department of Treasury,* — U.S. —, —, 111 S.Ct. 1562, 1567, 114 L.Ed.2d 1, 11 (1991). The ADEA statute of limitations applicable to private employers is inapplicable against the federal government. 29 U.S.C. § 633a(f). With regard to section 633a actions the Supreme Court held that: "We therefore assume, as we have before, that Congress intended to impose an appropriate period borrowed either from a state statute or from an analogous federal one." *Stevens,* — U.S. at —, 111 S.Ct. at 1567, 114 L.Ed.2d at 11. I conclude that Title VII is the most analogous federal statute to section 633a and that borrowing the statute of limitation from this federal statute best accommodates the interests protected by section 633a.

■ Title VII contains a provision which, like section 633a, specifically prohibits discrimination in federal employment. *See* 42 U.S.C. § 2000e–16. Section 633a was patterned after section 2000e–16, *Lehman v. Nakshian,* 453 U.S. 156, 163, 101 S.Ct. 2698, 2703, 69 L.Ed.2d 548 (1981), and both share the common purpose of eliminating discrimination in the federal workplace. *Lavery v. Marsh,* 918 F.2d 1022, 1025 (1st Cir.1990) (quoting *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979)). Hence, borrowing section 2000e–16's limitation period is appropriate because section 2000e–16 was "actually designed to accommodate a balance of interests very similar to that at stake" here and is "in fact, an analogy" to section 633a. *Lavery,* 918 F.2d at 1025 (quoting *DelCostello v. International Brotherhood of Teamsters,* 462

U.S. 151, 169, 103 S.Ct. 2281, 2293, 76 L.Ed.2d 476 (1983)).

■ Furthermore, the EEOC, which is responsible for enforcement of section 633a, *see* 29 U.S.C. § 633a(b), recently determined that Title VII's statute of limitation should be applied to claims brought under section 633a. 29 C.F.R. § 1614.408(c); *Taylor v. Espy,* 816 F.Supp. 1553, 1557–59 (N.D.Ga.1993). This administrative interpretation is entitled to deference. *Taylor,* 816 F.Supp. at 1558–59.

Because this action is a non-tort civil action against the United States the residual six year statute of limitation arguably applies. *See* 28 U.S.C. § 2401(a); *Lubniewski v. Lehman,* 891 F.2d 216, 221 (9th Cir.1989). It is inappropriate to apply this general residual statute of limitation, however, where, as here, there is another federal statute "more specifically geared to the claim brought". *Lavery,* 918 F.2d at 1026–1027. Because section 2000e–16 is specifically geared toward anti-discrimination in the federal workplace it is an appropriate source for section 633a's statute of limitation.

■ Although sections 633a and 2000e–16 differ in their enforcement mechanisms, these differences do not override the strong parallels between the two provisions. *See Lavery,* 918 F.2d at 1025 n. 4. Therefore, I join the other courts which hold that section 2000e–16's 30 day statute of limitation applies where, as here, a federal employee submits his claim for age discrimination to an administrative agency and receives a final agency decision. *Lavery,* 918 F.2d at 1027; *Taylor,* 816 F.Supp. at 1559–60; *Long v. Frank,* 813 F.Supp. 969, 973 (E.D.N.Y.1993).

■ In this case, all of Jones' claims are subject to the same 30 day statute of limitation period. Under section 2000e–16(c) Jones had 30 days from the date he actually received notice of the EEOC's final decision to file a civil action here. 42 U.S.C. § 2000e–16(c). The 90 day statute of limitation period provided for by the Civil Rights Act of 1991 is inapplicable because this action was filed before this legislation became law. *Hansel v. Public Service Co.,* 778 F.Supp. 1126, 1136 (D.Colo.1991).

The EEOC rendered its final decision on August 28, 1990. Nothing in the record indicates when Jones received this notice. Although Jones infers that he did not receive the EEOC's final decision at all, (Jones' response at 1), his undisputed actions belie such a conclusion. He filed his first action exactly thirty days after the EEOC rendered its decision. (Exhibit 2.) The EEOC's final decision advised Jones of his right to file a civil action in federal court within thirty days after its final decision. (Exhibit 1, EEOC final decision, at 13.) At a hearing in the first action Jones' counsel stated that Jones

> has some legal sophistication in that he was an equal employment opportunity specialist while he was employed in the federal government, and *he is aware of the processing requirements and is aware of the time limits for a complaint.* And, course my experience in the federal government is that that information is provided at the time that the agency makes its final determination, the time limits are provided in a certified letter, as a general rule.

(Exhibit 4, transcript of August 16, 1991 hearing at p. 9 11.1–12.) (emphasis added). Also, the record of the first action bears out Jones' knowledge of EEOC procedures. (Exhibit 4, at p. 17 ln. 19—p. 18 ln. 3.) Furthermore, Jones acknowledges that he timely filed the complaint in the first action. (Complaint ¶ 6.) Jones' knowledge of the EEOC procedures combined with his filing of the complaint thirty days after the EEOC's final decision demonstrate that he actually received the EEOC's final decision shortly after it was promulgated on August 28, 1990. The complaint in the instant action, however, was filed more than one year later, on September 16, 1991.

Jones does not argue seriously that he never actually received the notice. Instead, he argues the timely filing of his first action, although it was dismissed, tolls the statute of limitation. I disagree.

The Tenth Circuit has addressed the tolling issue under Title VII in circumstances similar to those here. Because I look to Title VII to supply the applicable limitation period for Jones' age discrimination claim, I conclude that cases addressing the tolling of section 2000e–16's statute of limitation apply with equal force to claims under section 633a. The Tenth Circuit recently held that: "In the absence of a statute to the contrary, the limitation period is not tolled during the pendency of a dismissed action.... Courts have specifically held that the filing of a complaint that is dismissed without prejudice does not toll the statutory filing period of Title VII.... We agree." *Brown v. Hartshorne Public School District No. 1,* 926 F.2d 959, 961 (10th Cir.1991). In *Brown* the plaintiff voluntarily dismissed her immediately preceding Title VII action. Jones contends *Brown* is inapplicable because it only addressed the situation where, unlike here, a plaintiff voluntarily dismisses its immediately preceding complaint.

*Brown*'s absolute language is not susceptible to Jones' interpretation. The Tenth Circuit agreed that "in the absence of a statute to the contrary, the limitation period is not tolled during the pendency of a *dismissed action*" and that "the filing of a complaint that is *dismissed without prejudice* does not toll the statutory filing period of Title VII". *Brown,* 926 F.2d at 961 (emphasis added). Although *Brown* involved a voluntary dismissal, the Tenth Circuit addressed the tolling effect of dismissals without limiting itself to voluntary dismissals. Moreover, Jones expresses no good reason why I should distinguish between voluntary and involuntary dismissals in determining the tolling effect of a dismissed Title VII action. Because the pendency of his first action did not toll the statute of limitations, Jones' instant action was not filed timely.

■ Also, as *Brown* makes clear, there is no difference in the tolling effect of an action dismissed with or without prejudice. Therefore, I need not address Jones' third and final argument that the government's failure to object to dismissal of the first action without prejudice estops it from arguing that the statute of limitation bars this action. Dismissal of the first action, with or without prejudice, has the same tolling effect. *See Brown,* 926 F.2d at 961. Defendant's acquiescence, if any, to dismissal of the first action without prejudice is irrelevant.

Tolling is inappropriate here in any event because Jones' lack of diligence caused the dismissal of his first action. Defendant notified Jones twice during the 120 day period that he had not served process properly. *Jones,* 973 F.2d at 873. Although defendant advised Jones how to cure the deficient service of process, he took no action. Equitable tolling does not save what is otherwise garden variety excusable neglect. *Irwin v. Veterans Administration,* 498 U.S. 89, 94–96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435, 444 (1990). Because Jones inexcusably caused the dismissal of his first action, equitable tolling is of no avail now. As a matter of law, Jones' claims are time barred and not saved by equitable tolling.

Accordingly, IT IS ORDERED that defendant's motion for summary judgment is granted and Jones' claims are dismissed with prejudice. The clerk shall enter judgment accordingly, each party to bear their own costs.