July 23, 1996
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-1199

 JOHN T. ZERVAS,

 Plaintiff, Appellant,

 v.

 UNITED STATES OF AMERICA, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Edward F. Harrington, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Boudin and Lynch, Circuit Judges. 

 

John T. Zervas on brief pro se. 
Donald K. Stern, United States Attorney, and Sara Miron Bloom, 
Assistant United States Attorney, on brief for appellees.

 

 

 Per Curiam. The district court dismissed the complaint 

in this case, apparently both for lack of merit and for want

of jurisdiction.

 If Zervas' complaint is construed as a claim to have

suffered age discrimination, the complaint was time barred

since it was filed more than 180 days after the alleged

discriminatory act. See Castro v. United States, 775 F.2d 

399, 403 (1st Cir. 1985) ("[I]n lieu of pursuing

administrative relief, [a federal employee claiming age

discrimination] may proceed directly to federal district

court . . . no later than 180 days from the alleged

discriminatory act."); 29 U.S.C. 633a(d). If the complaint

is construed as an appeal of the decision by the Merit

Systems Protection Board denying Zervas' claim to have his

sick leave reinstated, the complaint was not only untimely

but also filed in the wrong court. 5 U.S.C. 7703(b)(1)

(appeal of final order of Board "shall be filed in the United

States Court of Appeals for the Federal Circuit . . . within

30 days after the petitioner received notice of the final

order of decision of the Board"). 

 Since abiding by a limitation period is a jurisdictional

prerequisite to actions against the federal government,

Lavery v. Marsh, 918 F.2d 1022, 1027 n.7 (1st Cir. 1990), the 

district court lacked jurisdiction to hear the complaint,

however construed.

 Affirmed. 

 -2-