George Wieh KUN, Plaintiff,

v.

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, Defendant.

Civil Action No. 96–1849 (CRR).

United States District Court, District of Columbia.

Dec. 19, 1996.

Shola Rannie Ayeni, McRansom Ayeni & Associates, P.C., Washington, DC, for Plaintiff.

Keith J. Harrison and Jeffrey L. Poston, King, Pagano & Harrison, Washington, DC, for Defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### I.

### INTRODUCTION

The defendant, the law firm of Finnegan, Henderson, Farabow, Garrett & Dunner, has moved to dismiss all of the plaintiff's Title VII claims on the ground that they are barred by the statute of limitations. It also has moved to dismiss the plaintiff's claim for national origin discrimination under Title VII and his claim for negligent infliction of emotional distress because they fail to state a claim upon which relief can be granted. For the reasons set forth below, the defendant's motion to dismiss on statute of limitations grounds shall be denied. The motion to dismiss the national origin and negligent infliction of emotional distress claims shall be granted.

### II.

### PROCEDURAL HISTORY

This litigation began on November 27, 1995 when the plaintiff, a former document preparation specialist for Finnegan, Henderson, filed a complaint for employment discrimination against Finnegan, Henderson and several individual defendants (Civil Action No. 95–2177). That first complaint contained six counts and referred to at least ten separate causes of action based on a single set of facts.

At a December 4, 1995 status conference, the plaintiff agreed to elect two counts related to the same facts and to file an amended complaint on December 6, 1995. The plaintiff failed to do so. Instead, on December 7, 1995, the plaintiff filed a pleading which purported to be an amended complaint, but which did not comply with the Federal Rules of Civil Procedure, as conceded by plaintiff's counsel during a status conference on De-

cember 11, 1995. The Court then ordered the plaintiff to file an amended complaint by December 15, 1995. The plaintiff further agreed to withdraw his claim for emotional distress.

The plaintiff filed an amended complaint (his third complaint) on December 13, 1995. The defendants then moved to dismiss the plaintiff's third complaint for failure to exhaust administrative remedies prior to bringing suit. The plaintiff joined the defendants' motion, and the Court dismissed the plaintiff's case (Civ.Action No. 95–2177), without prejudice, on January 4, 1996.

On August 7, 1996, the plaintiff filed his fourth complaint in this litigation alleging that he had fulfilled the exhaustion requirements (Civ.Action No. 96–1849). As counsel for the plaintiff conceded at the August 30, 1996 status conference, that complaint was virtually identical to the original complaint he filed in November 1995, replete with similarly egregious substantive flaws, including, *inter alia*, purported claims under 42 U.S.C. § 1983 and the Fourteenth Amendment, even though the defendants were not alleged to be state actors; Title VII claims against five defendants in their individual capacities, even though the law in this Circuit precludes such claims; a claim for breach of contract premised on alleged "due process rights;" and a purported claim for a "breach of the covenant of good faith and fair dealing implicit in the non-discrimination provision of Title VII." As egregious as the fourth complaint was in these respects, it did allege facts that arguably could support a claim for employment discrimination under Title VII.

By Order of August 30, 1996, the Court dismissed the plaintiff's fourth complaint (Civ.Action No. 96–1849), without prejudice. The Court further ordered the plaintiff to file with the Court and with Chambers an amended complaint on or before 4:00 p.m. on September 13, 1996 and that failure to do so in compliance with the Federal Rules of Civil Procedure and the Local Rules would result in the dismissal of his case, with prejudice.

On September 12, 1996, the plaintiff submitted his fifth complaint in this litigation to the Clerk of the Court. However, he ne-

glected to provide the complaint with a case number or a caption indicating that it was the amended complaint in Civil Action No. 96–1849. As a consequence, the Clerk treated the September 12 complaint as a new case, assigning it a new number—Civil Action No. 96–2124. The Calendar Committee of this Court, unaware that this case was related to Civil Action No. 96–1849, randomly assigned Civil Action No. 96–2124 to the Honorable Norma Holloway Johnson. On October 4, 1996, the Calendar Committee reassigned Civil Action No. 96–2124 to the undersigned member of this Court.[1]

By Order of October 11, 1996, the Court consolidated Civil Action No. 96–2124 with Civil Action No. 96–1849. The Court further ordered that the September 12, 1996 complaint underlying Civil Action No. 96–2124 (the fifth complaint) would be considered the amended complaint in Civil Action No. 96–1849, and dismissed Civil Action No. 96–2124 from the docket of this Court.

## III.

### DISCUSSION

**A. The Plaintiff's Title VII Claims Are Not Barred By The Ninety–Day Statute Of Limitations.**

The defendant argues that the plaintiff's Title VII claims are barred on statute of limitations grounds because his last complaint was not filed within ninety days of May 13, 1996, the date the plaintiff received his right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1) (1994). According to the defendant, the Court's August 30, 1996 Order rendered Civil Action No. 96–1849 dismissed, with prejudice, as of September 13, 1996 because the plaintiff failed to file an amended complaint by that date, and instead filed a complaint in a new case, Civil Action No. 96–2124, more than 90 days after May 13, 1996. The Court rejects this argument.

The Court's October 11, 1996 Order makes it clear that the plaintiff's complaint in Civil Action No. 96–2124 is to be treated as the amended complaint in Civil Action No. 96–1849. The Court chose not to penalize the plaintiff for his attorney's clerical error in not properly labeling his fifth complaint as the amended complaint in Civil Action No. 96–1849 and for the Clerk's error in treating the plaintiff's fifth complaint as an entirely new case. Since the plaintiff made a good faith, albeit sloppy, attempt to comply with the Court's August 30 Order by filing a revised complaint, Civil Action No. 96–1849 was not dismissed with prejudice.

■ Moreover, the plaintiff's amended complaint of September 12, 1996 was not barred by the statute of limitations because that complaint sought recovery for the same alleged acts of employment discrimination set forth in the timely-filed August 7 complaint, and, therefore, related back to that complaint. *See* Fed.R.Civ.P. 15(c)(2) ("An amendment of a pleading relates back to the date of the original pleading when … the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]").

The defendant, however, argues that the plaintiff cannot avail himself of Rule 15(c)'s relation back provision because the Court dismissed Civil Action No. 96–1849, without prejudice, on August 30, 1996. The defendant cites authority which purportedly stands for the proposition that when a Title VII complaint is timely filed and later dismissed without prejudice, the ninety-day statute of limitations is not tolled, and a subsequent complaint premised on the same events or occurrences will be dismissed if more than ninety days have passed since receipt of the right-to-sue letter. *E.g., Minnette v. Time Warner,* 997 F.2d 1023, 1027 (2nd Cir.1993).

This authority is distinguishable. Courts have refused to permit a subsequently filed complaint to relate back to a timely filed complaint that was dismissed without prejudice only when the non-prejudicial dismissal was pursuant to a rule which expressly authorizes dismissal of an entire lawsuit, such

---

1. On September 27, 1996, the defendant filed a motion for reassignment of Civil Action No. 96–2124 to the undersigned member of this Court.

That motion shall be and hereby is denied as moot.

as Federal Rules 4(m),[2] 12(b),[3] Rule 37,[4] or 41(a).[5]

Here, the Court dismissed Civil Action No. 96–1849, without prejudice, not to dispose of the lawsuit, but so the plaintiff could (1) excise the extraneous and legally frivolous claims from the complaint and make the complaint more coherent, and (2) re-open his case after completing those tasks. The dismissal was not premised on Rule 4(m) (failure to prosecute), Rule 37 (sanction for discovery abuse), or Rule 41(a) (prior voluntary dismissal by the plaintiff). While the Court implicitly dismissed some, but not all, of the claims in the fourth complaint pursuant to Rule 12, the Court dismissed the lawsuit pursuant to Federal Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct," and Rule 16, which permits the Court to impose measures that will expedite the disposition of a civil action, including the amendment of pleadings. Unlike Rules 4, 12, 37 and 47, Rules 8(e) and 16 do not explicitly authorize a court to dispose entirely of a lawsuit. Thus, the cases upon which the defendant relies are inapposite.

The defendant also argues that the Supreme Court's holding in *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) is dispositive. According to the defendant, the Supreme Court held that "an inadequate 'complaint'" filed before the 90–day statute of limitations has expired does not toll the 90–day period until such time as the plaintiff files an "adequate" amended complaint. *See Defendant's Memorandum* at 12. If the defendant is correct, then the plaintiff's Title

---

2. Rule 4(m) provides, in part, "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice as to that defendant ..." Fed. R.Civ.P. 4(m). *See Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir.1987) (affirming district judge's dismissal on statute of limitations grounds where (a) prior lawsuit had been dismissed without prejudice for failure to effect service within 120 days and (b) the subsequent lawsuit was filed more than 90 days after receipt of the right-to-sue); *Jones v. Frank*, 819 F.Supp. 923, 926 (D.Colo.1993) (dismissing Title VII claim on statute of limitations grounds where the first action had been dismissed without prejudice for failing to serve the defendant within 120 days under Rule 4), *aff'd on other grounds*, 32 F.3d 1454, 1455 n. 2 (10th Cir.1994). *See also Dupree v. Jefferson*, 666 F.2d 606, 611 (D.C.Cir.1981) (applying District of Columbia law; dismissing lawsuit on statute of limitations grounds where the first action had been dismissed without prejudice for failure to prosecute and the subsequent complaint was untimely).

3. Rule 12(b) authorizes dismissal of a complaint for (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, and (7) failure to join a party under Rule 19. Fed.R.Civ.P. 12(b). *See Luckett v. Rent–A–Center, Inc.*, 53 F.3d 871, 873 (7th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 420, 133 L.Ed.2d 337 (1995) (affirming district judge's dismissal of Title VII claim as time-barred where (a) the judge initially had dismissed the lawsuit without prejudice because the complaint had failed to state a violation of federal anti-discrimination law and (b) the

amended complaint had been filed more than 90 days after the plaintiff had received his right-to-sue letter). *Compare Siegel v. Converters Transp., Inc.*, 714 F.2d 213, 216 (2nd Cir.1983) (finding that the district judge's earlier dismissal of a claim without prejudice because the plaintiff "was not entitled to maintain the action," did not bar as untimely a subsequent lawsuit based on almost identical facts; holding that "Rule 15(c) [is] to be liberally construed, particularly where an amendment does not 'allege a new cause of action but merely ... make[s] defective allegations more definite and precise' ") (quoting *Glint Factors, Inc. v. Schnapp*, 126 F.2d 207, 209 (2nd Cir.1942)).

4. Rule 37 authorizes a court to sanction a party for committing discovery abuse. Sanctions include dismissal of an action. *See* Fed.R.Civ.P. 37(b)(2), (c), (d). *See Hilton Int'l Co. v. Union De Trabajadores De La Industria Gastronomica De Puerto Rico*, 833 F.2d 10, 11 (1st Cir.1987) (affirming dismissal of lawsuit on statute of limitations grounds where district judge had dismissed first action without prejudice as a discovery sanction, and the subsequent complaint was filed outside of limitations period).

5. Rule 41(a) permits a plaintiff to dismiss voluntarily an action without a court order by filing a notice of dismissal or by filing a stipulation of dismissal signed by all parties who have appeared. Such voluntary dismissals generally are without prejudice. Fed.R.Civ. p. 41(a)(1). *See Brown v. Hartshorne Pub. Sch. Dist. #1*, 926 F.2d 959, 961 (10th Cir.1991) (affirming dismissal on statute of limitations grounds where (a) the plaintiff voluntarily had dismissed the prior complaint and (b) the plaintiff filed a new complaint outside of the statute of limitations period).

VII claims herein arguably would be time-barred because his August 7 complaint was "inadequate" in some respects under Rule 8, and he did not file his subsequent complaint until well after the 90–day period had expired.

The defendant, however, has mischaracterized the Supreme Court's holding in *Brown.* In *Brown,* the Supreme Court held that the plaintiff's initial filing—her right-to-sue letter—did not constitute a "complaint" sufficient to commence a civil action under Rule 3 of the Federal Rules of Civil Procedure, and, therefore, her so-called "amended complaint" filed after the expiration of the limitations period could not relate back to the earlier-filed right-to-sue letter under Rule 15(c). *See Brown,* 466 U.S. at 149–50, 104 S.Ct. at 1724–25. Specifically, the right-to-sue letter had failed to put the defendant on notice of the plaintiff's claim because that filing lacked, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 149, 104 S.Ct. at 1725 (citing Fed.R.Civ.P. 8(a)(2)). The Court noted, however, that if the right-to-sue letter had constituted a complaint under Rule 3, the plaintiff could have relied on the relation back provision of Rule 15(c). *See Brown,* 466 U.S. at 149 n. 3, 104 S.Ct. at 1725 n. 3.

■ Here, the defendant does not argue that the August 7, 1996 complaint failed to provide notice of the plaintiff's Title VII claims; indeed, the defendant has known of these claims at least since December of 1995. Nor does the defendant argue that the August 7 complaint did not constitute a "complaint" under Federal Rule 3. While the plaintiff's August 7 complaint was drafted unartfully and contained some legally baseless claims, it still constituted a complaint for employment discrimination, and, therefore, the plaintiff may rely on the relation back provision of Rule 15(c).

If the Court were to adopt the defendant's approach and effectively hold that any kind of non-prejudicial dismissal under the Federal Rules precludes a plaintiff from invoking the relation back provision of Rule 15(c), then a judge could clear his or her docket of all Title VII cases by (1) finding the underlying complaints to be "inadequate," (2) dismissing such cases, without prejudice, after the ninety-day filing deadline has passed, (3) giving the plaintiffs leave to amend their complaints, and then (4) dismissing the amended complaints, with prejudice, on statute of limitations grounds. Such a practice would not only be absurd and represent an abuse of discretion, but also would undermine meritorious Title VII claims and eviscerate Rule 15(c).

The Court herein could just as well have ordered the plaintiff to amend his complaint without dismissing his lawsuit without prejudice. Instead, the Court also ordered a non-prejudicial dismissal for docket management purposes. Thus, to bar the plaintiff from invoking the relation back provision of Rule 15(c) would be a triumph of technicality over justice and inconsistent with the mandate of Rule 1 which requires that the Federal Rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. The plaintiff's Title VII claims will not be dismissed as untimely.

### B. The Plaintiff's Title VII Claim For National Origin Discrimination Shall Be Dismissed, With Prejudice.

The defendant argues that the plaintiff has failed to allege any facts supporting his claim that he was discriminated against because of his national origin. The Court agrees and shall dismiss, with prejudice, the plaintiff's claim under Title VII for national origin discrimination.

■ In the preliminary statement, paragraph 13, and the *ad damnum* clause of the fifth complaint, the plaintiff alleges that he was a victim of national origin discrimination. Beyond those conclusory allegations, however, he has made no factual allegations whatsoever to support a claim of disparate treatment based on his national origin. There is not a single factual allegation that, if true, would give rise to an inference of national origin discrimination. Accordingly, dismissal of the national origin discrimination claim is appropriate. *See Simpson v. Welch,* 900 F.2d 33, 35 (4th Cir.1990) (holding that the

plaintiff's conclusory allegations of discrimination and harassment, without more, failed to state a claim upon which relief can be granted).

■ The complaint's factual allegations touch only on the plaintiff's gender and race. The fact that the plaintiff may have been discriminated against based on his sex, however, is irrelevant to his national origin discrimination claim.

■ Further, while the plaintiff has alleged that he was the object of alleged "racial" innuendos, comments and slurs (*see* Fifth Complaint at ¶¶ 4, 6 and 8), it would not be proper for the Court to re-cast the plaintiff's national origin discrimination claim as a race discrimination claim. The Court lacks subject matter jurisdiction over a potential race discrimination claim, because the plaintiff failed to exhaust his administrative remedies with respect to a race claim. The Notice of Charge of Discrimination submitted by the defendant indicates that the plaintiff exhausted his administrative remedies only as to sex and national origin discrimination. The plaintiff does not argue to the contrary. *See Ang v. Procter & Gamble Co.*, 932 F.2d 540, 546 (6th Cir.1991) (holding that where the plaintiff's EEOC charge alleged only national origin discrimination, it could not be read to give the court subject matter jurisdiction over a purported race discrimination as well); *see also Miller v. Smith*, 584 F.Supp. 149, 155 (D.D.C.1984) (Harold H. Greene, J.) (same).

■ Additionally, allegations of race discrimination are not relevant to a claim of national origin discrimination, especially here where the plaintiff has failed to allege his particular race. But even if the plaintiff had alleged his race and that he was the object of innuendo based on his membership in that race, such allegations still would be in no way connected with his country of origin; race and national origin are ideologically distinct under Title VII. *See Espinoza v. Farah Mfg. Co., Inc.*, 414 U.S. 86, 88, 94 S.Ct. 334, 336, 38 L.Ed.2d 287 (1973) ("The term 'na-

tional origin' on its face refers to the country where a person was born, or, more broadly, the country from which his or her ancestors came."); *accord Roach v. Dresser Indus. Valve & Instrument Div.*, 494 F.Supp. 215, 216 (W.D.La.1980) ("The legislative history [of Title VII] enunciates precisely that a person's national origin has nothing to do with color, religion, or race."); *compare Lapine v. Edward Marshall Boehm, Inc.*, No. 89 C 8420, 1990 WL 43572 at *5 (N.D.Ill. March 28, 1990) (dismissing national origin claim because "stating that one is Jewish gives no indication of that individual's country of origin"). Thus, it is proper to dismiss the plaintiff's national origin discrimination claim because there is no set of facts under which the plaintiff possibly could prevail. Given the fact that the complaint is now in its fifth iteration—a complaint drafted with the "benefit" of counsel—the national origin claim shall be dismissed, with prejudice.[6]

### C. Count III Of The Plaintiff's Fifth Complaint Which Seeks Recovery For Negligent Infliction Of Emotional Distress Shall Be Dismissed, With Prejudice.

The defendant has moved to dismiss a claim that the plaintiff has labeled oddly "Count III (Mental Infliction of Emotional Distress)." In this count, the plaintiff alleges that "[t]he acts or omission to act by the defendant to stop the racial slurs and harassment by its employees violates Plaintiff's rights under U.S.Code, title 28, §§ 1367(a)." Fifth Complaint at ¶ 14. This claim must be dismissed for several reasons, all of which are dispositive.

■ First, 28 U.S.C. § 1367(a) gives district courts supplemental jurisdiction over claims related to those claims over which the court has original jurisdiction. This statutory provision does not afford a party the substantive right to be free from emotional distress.

■ Second, to the extent the plaintiff's emotional distress claim is premised on "ra-

---

6. In his opposition, the plaintiff does not contest the defendant's argument that he has failed to state a claim for national origin discrimination.

Thus, the plaintiff appears to have conceded the lack of merit to his national origin discrimination claim.

cial slurs and harassment," the Court declines to exercise its supplemental jurisdiction. The Court already has determined that it lacks subject matter jurisdiction over the plaintiff's potential race discrimination claim. A common law claim for racial harassment could confuse a jury into imposing Title VII liability for such conduct. The result would be an end-run around the plaintiff's failure to exhaust his administrative remedies under Title VII on his potential race claim. Therefore, the exercise of supplemental jurisdiction would not be proper. *See* 28 U.S.C. § 1367(c)(2), (4).

Third, even ignoring the plaintiff's reliance on 28 U.S.C. § 1367(a), Count III fails to state a claim upon which relief can be granted. Although the plaintiff has labeled Count III "Mental Infliction of Emotional Distress" (a claim which D.C. law does not recognize), arguably he has attempted to state a claim for negligent infliction of emotional distress. Under Count III, the plaintiff alleges that "defendant failed to adequately supervise its employees; and it failed to take corrective measures to end Plaintiff's harassment, thus causing him to suffer emotional distress." Fifth Complaint at ¶ 14. This allegation mirrors paragraph nine of the fifth complaint which reads, "Plaintiff alleges that the Defendant is liable for Negligent Infliction of Emotional distress, in that it failed to adequately supervise their employees; and it failed to take corrective measures to end Plaintiff's harassment." *Id.* at ¶ 9. In his opposition, the plaintiff does not dispute that Count III purports to state a claim for negligent infliction of emotional distress. Therefore, the Court finds that the plaintiff has conceded that he has attempted to plead such a claim.

 To recover for negligent infliction of emotional distress, the plaintiff must show either that (1) the emotional distress resulted from direct physical injury or (2) if there no physical impact, he was present in the zone of physical danger created by the defendant's negligence and feared for his own safety. *See Mackey v. United States,* 8 F.3d 826, 831

(D.C.Cir.1993) (applying D.C. law); *Ryczek v. Guest Services, Inc.,* 877 F.Supp. 754, 764 (D.D.C.1995) (Hogan, J.) (applying D.C. law). Here, the plaintiff has not alleged that his emotional distress resulted from direct physical injury. He also has not alleged that he was present in a zone of physical danger and that he feared for his own safety. In his opposition, the plaintiff does not dispute that he has failed to allege these necessary elements. For this reason, and because the plaintiff has had five chances to get it right, with the benefit of counsel, the plaintiff's claim for negligent infliction of emotional distress shall be dismissed, with prejudice.[7]

## IV.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss the plaintiff's Title VII claims on statute of limitations grounds shall be denied. The motion to dismiss the Title VII national origin claim and the negligent infliction of emotional distress claim shall be granted, with prejudice.

## ORDER

For the reasons set forth in the Court's Memorandum Opinion of even date herewith, it is, by the Court, this 19 day of December, 1996,

ORDERED that the defendant's motion to reassign Civil Action No. 96–2124 to the undersigned member of this Court shall be and hereby is DENIED as MOOT; and, it is

FURTHER ORDERED that the defendant's motion to dismiss as untimely the plaintiff's Title VII claims, as set forth in the complaint filed on September 12, 1996, shall be and hereby is DENIED; and, it is

FURTHER ORDERED that the defendant's motion to dismiss the plaintiff's claim for national origin discrimination under Title VII, as set forth in the complaint filed on September 12, 1996, shall be and hereby is GRANTED; and, it is

---

7. The Court also notes that the plaintiff agreed to abandon his emotional distress claim at a status conference on December 11, 1995.

FURTHER ORDERED that the defendant's motion to dismiss Count III of the plaintiff's complaint filed on September 12, 1996 shall be and hereby is GRANTED; and, it is

FURTHER ORDERED that the plaintiff shall amend his complaint filed on September 12, 1996 to conform to this Order and accompanying Memorandum Opinion by excising his claims for national origin discrimination under Title VII and for negligent infliction of emotional distress; and, it is

FURTHER ORDERED that the plaintiff shall caption this amended complaint with the words "Amended Complaint" and shall also include the case number (Civil Action No. 96–1849(CRR)) on the face of the amended complaint; and, it is

FURTHER ORDERED that, pursuant to Federal Rules 8, 10 and 16, the plaintiff shall set forth his remaining Title VII claims in separately numbered counts in the amended complaint. Specifically, to the extent the plaintiff alleges unlawful retaliation and/or discrimination in promotion, training, harassment, discipline and/or termination, such claims shall appear in separately-numbered counts, with supporting factual allegations stated under each respective count. The plaintiff further shall state under each respective count whether he has exhausted his administrative remedies. The plaintiff shall not plead Title VII claims for which he has not exhausted his administrative remedies. Any Title VII claim not set forth in a separate count shall be deemed waived and abandoned by the plaintiff; and, it is

FURTHER ORDERED that the plaintiff shall attach copies of the administrative charge or charges he filed with the EEOC and/or the D.C. Department of Human Rights and Minority Business Development that purportedly underlie this lawsuit; and, it is

FURTHER ORDERED that the plaintiff shall file the above-described amended complaint with the Clerk and with Chambers (Room 4317) on or before 4:00 p.m. on January 6, 1997. Failure to do so in compliance with this Order shall result in dismissal of this case, with prejudice; and, it is

FURTHER ORDERED that the defendant shall answer or otherwise respond to the above-described amended complaint on or before 4:00 p.m. on January 21, 1997. If the defendant files an answer, the Court shall set a schedule for discovery, dispositive motions, motions *in limine*, a pre-trial conference, and trial. If the defendant moves to dismiss the amended complaint, the plaintiff shall file any opposition thereto by no later than 4:00 p.m. on January 31, 1997. The defendant may file a reply thereto by no later than 4:00 p.m. on February 5, 1997.