**Betty Trew TAYLOR, Plaintiff,**

v.

**Michael ESPY, Secretary, Department of Agriculture, Defendant.**

**Civ. A. No. 4:91–cv–199–HLM.**

United States District Court,
N.D. Georgia,
Rome Division.

March 22, 1993.

William George Schwall, Office of William G. Schwall, Chattanooga, TN, for plaintiff.

Daniel A. Caldwell, III, Office of U.S. Atty., N.D. Georgia, Atlanta, GA, for defendant.

ORDER

HAROLD L. MURPHY, District Judge.

This case is before the Court on Defendant's Motion to Dismiss or in the alternative for Summary Judgment and to Strike Jury Demand. Pursuant to the Court's December 9, 1992 Order, the Court will treat Defendant's Motion as a Motion for Summary Judgment.

I. BACKGROUND

This case stems from the Department of Agriculture's firing of Betty Trew Taylor, the Plaintiff, on July 1, 1988. Plaintiff sought administrative review by the Agriculture De-

partment. She alleged that her superiors fired her because of her age. Plaintiff was 56 when the Department fired her. The Department notified her on April 18, 1990 that it found no basis for her claim of age discrimination. Plaintiff then filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). In a letter dated August 6, 1990 the EEOC informed Plaintiff that it too found that the Department did not discriminate against her based on her age. At the end of the letter, the EEOC specifically notified Plaintiff that:

> You have the right to file a civil action in the appropriate United States District Court *WITHIN THIRTY (30) DAYS* of the date that you receive this decision, unless within that time you decide to file a request to reopen. As to any claim based on the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 633a), you *MAY* have up to six years after the right of action first accrued. *See Lehman v. Nakshian,* 453 U.S. 156 [101 S.Ct. 2698, 69 L.Ed.2d 548] (1981); 29 U.S.C. § 633a(f); and 28 U.S.C. § 2401(a).

Plaintiff's attorney at the time received the letter on or about August 9, 1990. Despite receiving the notice through her attorney, Plaintiff did not file this case until September 27, 1991. In her case, Plaintiff alleges that the Department of Agriculture violated her rights under the provisions of the Age Discrimination in Employment Act of 1967 ("ADEA") relating to federal employees. *See* 29 U.S.C. § 633a. Plaintiff seeks reinstatement, back wages, contributions to her retirement, $300,000.00 in compensatory damages, attorney's fees, and court costs.

Defendant has now filed this Motion for Summary Judgment. Defendant argues that the applicable statute of limitations bars Plaintiff's claim, and that Plaintiff is not entitled to a jury trial, compensatory damages or attorney's fees. Plaintiff argues that the applicable statute of limitations does not bar her claim, and that even if it does, the doctrine of equitable tolling saves her claim.

II. STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) authorizes summary judgment when all "pleadings, depositions, answers to interroga-

tories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the burden of demonstrating that no dispute as to any material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Bingham, Ltd. v. United States*, 724 F.2d 921, 924 (11th Cir.1984). The moving party's burden is discharged merely by " 'showing'— that is, pointing out to the District Court— that there is an absence of evidence to support [an essential element of] the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). In assessing whether the movant has met this burden, the District Court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. *See Bradbury v. Wainwright*, 718 F.2d 1538, 1543 (11th Cir. 1983). Once the moving party has adequately supported its motion, the nonmovant then has the burden to show that summary judgment is improper, coming forward with specific facts showing a genuine dispute. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986).

■ In deciding a motion for summary judgment, it is not part of the Court's function to decide issues of genuine material fact but solely to determine whether there is such an issue to be tried. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). It is the applicable substantive law which will identify those facts that are material. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Facts which in good faith are disputed, but which do not resolve or affect the outcome of the suit will not properly preclude the entry of summary judgment. *Id.* In short, such facts are not material. The materiality of a fact rests solely on the governing substantive law. A District Court "can only grant summary judgment 'if *everything* in the record ... demonstrates that no genuine issue of material fact exists.' " *Tippens v. Celotex Corp.*, 805 F.2d 949, 952 (11th Cir.1986), *quoting Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir.1980) (emphasis in original).

■ Genuine disputes are those by which the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Moreover, for factual issues to be "genuine" they must have a real basis in the record. *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Id.* at 586, 106 S.Ct. at 1355 (citations omitted.) "[T]his standard mirrors the standard for a directed verdict.... [T]he inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2512.

## III. DISCUSSION

### A. *Statute of Limitations*

■ The ADEA, as enacted in 1967, prohibited discrimination on the basis of age, in private employment. 29 U.S.C. §§ 621 *et seq.* It incorporated the enforcement scheme of the Fair Labor Standards Act ("FLSA"). In 1974, Congress added an entirely new section, 29 U.S.C. § 633a, to prohibit age discrimination in federal employment.

The ADEA contains a two or three year statute of limitations (two years generally and three years for willful violations) for claims against private employers. *See* 29 U.S.C. § 626(e)(1).[1] However, the ADEA

---

1. Prior to the passage of the 1991 Civil Rights Act, under the previous terms of 29 U.S.C. § 626(e)(1), private employees had to file ADEA actions in U.S. District Court within the time frames established for actions under FLSA. Under FLSA, actions for general violations must be filed within two years of when the cause of action accrues, and actions for willful violations must be filed within three years of when the cause of action accrues. 29 U.S.C. § 255(a). With the passage of the 1991 Civil Rights Act, private employees, who seek administrative review, must now file their ADEA claim within the

contains no statute of limitations for federal employees who pursue administrative relief before proceeding to U.S. District Court. Thus, this Court must determine the proper statute of limitations for such actions.

The Supreme Court has made clear that where Congress has created a cause of action, but has not specified a period of limitation, courts should "not ordinarily assume that Congress intended there to be no time limit on actions at all." *DelCostello v. International Broth. of Teamsters,* 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983). Instead, courts should " 'borrow' the most suitable statute or other rule of timeliness from some other source." *Id.* Generally, courts should borrow "the local time limitation most analogous to the case at hand." *Lampf, Pleva, Lipkind, et al. v. Gilbertson,* — U.S. —, 111 S.Ct. 2773, 2778, 115 L.Ed.2d 321 (1991). However, when the operation of a state limitations period would frustrate the policies embraced by the federal enactment, courts should look to federal law for a suitable period. *Lampf,* — U.S. at ——, 111 S.Ct. at 2778; *DelCostello,* 462 U.S. at 162, 103 S.Ct. at 2289. Moreover, borrowing from another federal source is particularly appropriate when the borrowed statute was "designed to accommodate a balance of interests very similar to that at stake." *Reed v. United Transp. Union,* 488 U.S. 319, 324, 109 S.Ct. 621, 625, 102 L.Ed.2d 665 (1989).

Neither the Supreme Court nor the Eleventh Circuit have addressed the issue of what limitations period should apply to ADEA claims by federal employees. The courts that have addressed the issue have basically reached three conclusions. First, some courts have applied the limitations period for analogous claims of employment discrimination filed by federal employees under Title VII of the 1964 Civil Rights Act ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq. See Lavery v. Marsh,* 918 F.2d 1022 (1st Cir. 1990); *Healy v. United States Postal Service,* 677 F.Supp. 1284 (E.D.N.Y.1987). Second, some courts have applied the six year catch-

all statute of limitations for nontort civil actions filed against the United States under 28 U.S.C. § 2401(a). *See Lubniewski v. Lehman,* 891 F.2d 216, 221 (9th Cir.1989). Third, some courts have applied the two and three year limitations periods for claims of employment discrimination filed by private employees under 29 U.S.C. § 626(e). *See Coleman v. Nolan,* 693 F.Supp. 1544, 1548 (S.D.N.Y.1988); *Wiersema v. Tennessee Valley Authority,* 648 F.Supp. 66, 68 (E.D.Tenn. 1986).[2]

This Court finds that the proper statute of limitations to borrow is that for analogous claims of employment discrimination filed by federal employees under Title VII as amended, 42 U.S.C. § 2000e, *et seq.,* because Title VII was designed to accommodate a balance of interests very similar to that of the ADEA. The Supreme Court has remarked that the "ADEA and Title VII share a common purpose, the elimination of discrimination in the workplace...." *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979). In fact, the Court has remarked that it is clear from the legislative history of 29 U.S.C. § 633a, that it was patterned after the amendments to Title VII extending that statute's protection to federal employees (42 U.S.C. § 2000e–16(a), (b)). *See Lehman v. Nakshian,* 453 U.S. 156, 163–164, 101 S.Ct. 2698, 2703, 69 L.Ed.2d 548 (1980).

Moreover, the Court finds it significant that the EEOC has also concluded that federal employees must file an ADEA action within the same time period as a Title VII action. *See* 29 C.F.R. § 1614.408(c). In explaining its decision, the Commission stated that "[b]ased upon established case law and the ADEA, the EEOC believes that courts using the Title VII period have made the more persuasive case and applied that statute of limitations that best serves the purpose of the ADEA." Federal Sector Equal Employment Opportunity, 57 Fed.Reg. 12,-640 (1992). Such administrative interpretation by the federal agency responsible for

---

same limitations period that applies to Title VII claims, which is 90 days. 29 U.S.C. § 626(e).

**2.** As discussed in note one, with the passage of the 1991 Civil Rights Act, private employees who

seek administrative review must now file their ADEA claim within the same limitations period that applies to Title VII claims, which is 90 days. *See* 29 U.S.C. § 626(e).

enforcement of the ADEA merits deference by the Court. *See Pauley v. BethEnergy Mines, Inc.*, —— U.S. ——, ——, 111 S.Ct. 2524, 2534, 115 L.Ed.2d 604, 624 (1991).

■ Furthermore, the Court rejects the position of those courts which have found that the legislative history of section 633a indicates that Congress did not intend for the Title VII period to apply to claims brought by federal employees under 29 U.S.C. § 633a. *See Lubniewski v. Lehman*, 891 F.2d 216, 221 (9th Cir.1989); *Bornholdt v. Brady*, 869 F.2d 57, 66 (2nd Cir.1989); *Attwell v. Granger*, 748 F.Supp. 866, 872 n. 2 (N.D.Ga.1990). Those courts found that Congress must not have intended that the Title VII limitations period apply to section 633a because, as originally proposed, section 633a contained an express limitations provision parallel to that in Title VII, but as passed by the Congress, the section did not include any limitations period. *See Id.* Thus, those courts concluded that Congress considered and rejected the inclusion of a limitations period to Title VII, and therefore courts should not now borrow the Title VII limitations period. *Id.*

The Court disagrees. The legislative history of section 633a is silent as to why Congress left out the limitations period parallel to Title VII. Without an explanation, this Court will not find a simple deletion as proof of Congress's intent. *See Lavery*, 918 F.2d 1022, 1026. "Absent evidence one way or the other, human error is as likely the cause for the omission as deliberation." *Id. Cf. Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Development Comm'n*, 461 U.S. 190, 220, 103 S.Ct. 1713, 1730, 75 L.Ed.2d 752 (1983) (Where Congressmen made statements that they specifically considered and deleted certain language in a bill, the Court will not read that language into the bill). "In resolving ambiguity, we must allow ourselves some recognition of the existence of sheer inadvertence in the legislative process." *Id.* (quoting *Cass v. United States*, 417 U.S. 72, 83, 94 S.Ct. 2167, 2173, 40 L.Ed.2d 668 (1974) (citations omitted)).

■ The Court also finds that the six year catch-all statute of limitations for non-tort civil actions filed against the United States under 28 U.S.C. § 2401(a) is not sufficiently analogous to section 633a to apply its limitations period. This Court agrees with the First Circuit in *Lavery*, that "[i]t would indeed be anomalous to hold ... that a federal catch-all provision governs with respect to ADEA claims when there are available other relevant statutory provisions more specifically geared to the claim brought." *Lavery*, 918 F.2d at 1026–27 (quoting *Coleman v. Nolan*, 693 F.Supp. 1544, 1548 (S.D.N.Y.1988).

■ Moreover, the Court notes that a statute of limitations applicable to actions against the federal government represents a limited waiver of sovereign immunity. *Irwin v. Veterans Administration*, 498 U.S. 89, 94, 111 S.Ct. 453, 456, 112 L.Ed.2d 435 (1990); *United States v. Mottaz*, 476 U.S. 834, 841, 106 S.Ct. 2224, 2229, 90 L.Ed.2d 841 (1986). As such, statute of limitations must be " 'strictly observed and exceptions thereto are not to be implied.' " *Lehman v. Nakshian*, 453 U.S. 156, 161, 101 S.Ct. 2698, 2702, 69 L.Ed.2d 548 (1981) (quoting *Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957), but must be " 'unequivocally expressed.' " *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). Thus, "[w]ithout a clear manifestation from Congress that it intended for age discrimination claims to have a radically longer limitation period than for claims of race, sex, color and national origin discrimination in the federal workplace," the Court will not imply such an intent. *Lavery*, 918 F.2d at 1027.[3]

---

3. The Court also distinguishes the Eleventh Circuit's recent decision in *Rebar v. Marsh*, 959 F.2d 216 (11th Cir.1992), applying the general venue provision under 28 U.S.C. § 1391(e) to actions under 29 U.S.C. § 633a. That decision merely addresses the venue in which a federal employee may litigate an ADEA claim. It does not expand the scope of actions which a plaintiff may file against the United States, as does applying the general catch-all statute of limitations. Thus, applying the general catch-all venue provision does not constitute a waiver of sovereign immunity, and therefore need not be strictly construed. On the other hand, applying the general catch-all statute of limitations does constitute a waiver of sovereign immunity, *see Irwin v. Veterans Administration*, 498 U.S. 89, 94, 111 S.Ct. 453, 456, 112 L.Ed.2d 435 (1990), and therefore, must be strictly construed. *See Nakshian*, 453 U.S. at 161, 101 S.Ct. at 2702; *Mitchell*, 445 U.S. at 538, 100 S.Ct. at 1351–52; *Lavery*, 918 F.2d at 1027.

■ Finally, the Court finds that the specific language of 29 U.S.C. § 633a prevents the application of the two and three year limitations periods for claims of employment discrimination filed by private employees under 29 U.S.C. § 626(e).[4]

Section 633a(f) clearly states that "[a]ny personnel action of any department, agency, other entity referred to in subsection (a) of this section shall not be subject to, or affected by any provision of [the ADEA]," other than an exception not relevant here. 29 U.S.C. § 633a(f). Moreover, the Supreme Court stated in *Nakshian* that section 633a is "self-contained and unaffected by other sections, including those governing procedures applicable in actions against private employers." *Nakshian,* 453 U.S. at 168, 101 S.Ct. at 2705 (1981).

■ Thus, the Court finds that it should apply the Title VII statute of limitations to age discrimination claims brought by federal employees under 29 U.S.C. § 633a. However, a question exists as to what the actual statute of limitations is under Title VII. Prior to the passage of the 1991 Civil Rights Act, Pub.L. 102–166, signed by President Bush on November 21, 1991, a federal employee had to file a Title VII action in U.S. District Court within thirty (30) days of receipt of an adverse administrative determination by the EEOC. *See Irwin v. Veterans Admin.,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Subsequent to the effective date of the 1991 Civil Rights Act, a federal employee must now file a Title VII action within ninety (90) days of a notice of final action by the plaintiff's employing agency or the EEOC. 42 U.S.C. § 2000e–16(c). Thus, this Court must apply either a 30 day or 90 day statute of limitations depending upon whether the Court applies the terms of the 1991 Civil Rights Act retroactively or prospectively.

Previously, this Court held that the terms of the 1991 Civil Rights Act should be applied retroactively. *Glanton v. Henkel Chemical Corp.,* No. 91–cv–0119–HLM (N.D.Ga. April 2, 1992). Defendant, however, urges the Court to revisit that decision in light of the Eleventh Circuit's recent opinions in *Vance v. Southern Bell,* 983 F.2d 1573 (11th Cir.1993) and *Baynes v. AT & T Technologies, Inc.,* 976 F.2d 1370 (11th Cir.1992). In *Vance* and *Baynes* the Eleventh Circuit held that the 1991 Civil Rights Act should not be applied retroactively in cases where the entry of a judgment predates the effective date of the Act.

The Court, however, need not decide the issue here, and therefore will not do so. It is undisputed that Plaintiff's former attorney received the EEOC's denial of Plaintiff's claim in August 1990, yet Plaintiff did not file this suit until more than a year later on September 27, 1991. Thus, under either the 30 or 90 day limitations period, Plaintiff failed to timely file her suit.

## B. *Equitable Tolling*

■ Plaintiff also argues that the doctrine of equitable tolling saves her claim. In *Irwin v. Veterans Admin.,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the Supreme Court held that the doctrine of equitable tolling may excuse a federal employee from filing suit within a certain time period after administrative denial of an employment discrimination claim by the EEOC. However, the Court in *Irwin* also made clear that the Supreme Court has only allowed equitable tolling in situations where "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complaint has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin,* 498 U.S. at 96, 111 S.Ct. at 457–458. The failure of Plaintiff's former attorney to file suit in a timely manner after he received the EEOC's denial of his client's claim is no such situation. As Plaintiff acknowledges, the Supreme Court also held in *Irwin* that "[u]nder our system of representative litigation, each party is bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney." *Irwin,* 498 U.S. at 92, 111 S.Ct. at 456 (punctuation and

---

4. Again, as discussed in note one, with the passage of the 1991 Civil Rights Act, private employees who seek administrative review must now file their ADEA claim within the same limitations period that applies to Title VII claims, which is 90 days. *See* 29 U.S.C. § 626(e).

citations omitted). Thus, the Court finds that the doctrine of equitable tolling does not save Plaintiff's claim. While the Court does not in any way condone the misconduct of Plaintiff's former attorney, Plaintiff's proper remedy is to pursue proper action against her former attorney in state court, as she has done.[5] Finally, because the Court finds that the statute of limitations bars Plaintiff's claim, and that the equitable tolling doctrine does not save her claim, the Court need not address Defendant's remaining arguments.

## IV. CONCLUSION

Accordingly, based on the above, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss or in the alternative for Summary Judgment and to Strike Jury Demand. The Court **GRANTS** Defendant's Motion to Dismiss or in the alternative for Summary Judgment and **DENIES** as moot Defendant's Motion to Strike Jury Demand. Having granted Defendant's Motion to Dismiss or in the alternative for Summary Judgment, the Court **DISMISSES** Plaintiff's Case.

IT IS SO ORDERED.

---

**5.** *See* Plaintiff's complaint, captioned *Betty Trew Taylor v. Wendell L. Payne and J.L. Bailey, Jr.* attached as Exhibit E to Defendant's Motion to Dismiss or in the alternative for Summary Judgment and to Strike Jury Demand.