Richard A. EDWARDS

v.

Donna SHALALA,[1] Secretary, Department of Health and Human Services.

No. 1:90–CV–2241–RCF.

United States District Court, N.D. Georgia, Atlanta Division.

March 11, 1994.

---

1. Secretary Shalala has been substituted in place of former Secretary Dr. Louis Sullivan. Fed. R.Civ.P. 25(d)(1).

998

Richard R. Thomas, Venema Towery Thompson & Thomas, Atlanta, GA, for plaintiff.

James Randolph Schulz, Office of U.S. Atty., N.D. Ga., Atlanta, GA, for defendant.

## ORDER

RICHARD C. FREEMAN, Senior District Judge.

This action is before the court on defendant's motion for partial summary judgment [# 18–1].[2] This motion is opposed.

*Background*

Plaintiff has been employed as an accountant since 1979 by the federal government with the Health Care Financing Administration [HCFA], a division of the agency under defendant's supervision, the Department of Health and Human Services [HHS]. Complaint, ¶ 5. In late 1985, HHS issued a Vacancy Announcement for two accountant positions within HCFA. Both positions were

---

2. Plaintiff requests that the court deny defendant's motion on the ground that it was untimely filed. The court agrees, and defendant implicitly concedes, that defendant's motion was filed in violation of LR 220–5(c), NDGa. (motions for summary judgment must be filed no later than within 20 days from the close of discovery).

compensated at a level one grade higher than plaintiff's current grade. *Id.*, at ¶ 8. Plaintiff, then fifty years old, applied for both positions, but was denied promotion to either position [1986 events]. *Id.*, at ¶¶ 11, 12. HHS filled the positions with persons at least ten years younger than plaintiff. *Id.*, at ¶ 12. A nearly identical set of events occurred in 1990 [1990 events]. *Id.*, at ¶¶ 14–17. With respect to the 1986 events, on July 15, 1986, plaintiff filed a notice of his intent to sue with the Equal Employment Opportunity Commission [EEOC]. Defendant's Statement of Material Facts, ¶ 2; Plaintiff's Statement of Material Facts, ¶ 2. After the 1990 events, plaintiff initiated the instant action alleging age discrimination for both the 1986 events and the 1990 events pursuant to the portion of the Age Discrimination in Employment Act [ADEA or the Act] pertaining to actions against the federal government, 29 U.S.C. § 633a. Defendant's Statement of Material Facts, ¶ 3; Plaintiff's Statement of Material Facts, ¶ 3. Defendant seeks partial summary judgment as to the 1986 events only, claiming that plaintiff's claims based upon the 1986 events are time-barred because plaintiff's suit was filed after the statute of limitations had run. Defendant also seeks judgment as to plaintiff's prayers for liquidated damages, prejudgment interest, and attorney's fees. Plaintiff contests defendant's arguments regarding the applicable statute of limitations, but does not respond to defendant's argument and citation to authority concerning the liquidated damages, etc., claims.

*Discussion*

**A. Summary Judgment Standard**

Under Fed.R.Civ.P. 56 the court should grant a motion for summary judgment where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." The movant carries his burden by showing the court that there is "an absence of evidence to support

However, the court, in its discretion, may waive a Local Rule. Because plaintiff and defendant agree that the facts relating to defendant's motion are undisputed, the court chooses to chart the more efficient course and will examine whether the issues to be tried can be substantially narrowed by the instant motion.

the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). As the Eleventh Circuit has explained, "[o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). The nonmovant is then required "to go beyond the pleadings" and present competent evidence in the form of affidavits, depositions, admissions and the like, designating "specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 334, 106 S.Ct. at 2553. Generally, "[t]he mere existence of a scintilla of evidence" supporting the nonmovant's case is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). The court, resolving all reasonable doubts in favor of the nonmovant, must determine "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Id.*

As previously noted, *supra* n. 2, the parties agree that the facts underlying defendant's motion for partial summary judgment are undisputed. That being the case, the court need only determine the applicable law and apply that law to these undisputed facts.

**B. Applicable Law**

Any person desirous of pursuing an age discrimination claim against the federal government may take one of two routes of prosecution. First, he or she may seek resolution through the EEOC administrative process and file an action in federal court only if unsatisfied with the results obtained through the EEOC. *See* 29 U.S.C. § 633a(b). Alternatively, he or she may bypass the EEOC procedures, and directly institute suit in federal court. *See* 29 U.S.C. § 633a(c). *See also Stevens v. Department of the Treasury,* 500 U.S. 1, 111 S.Ct. 1562, 1566, 114 L.Ed.2d 1 (1991) (discussing options available to age discrimination plaintiffs). Plaintiff has chosen the latter option to prosecute his claim.

When a plaintiff bypasses the EEOC, he or she becomes subject to certain time limits

and procedures for filing his or her civil action. The Act provides:

> When the individual has not filed a complaint concerning age discrimination with the [EEOC], no civil action may be commenced by an individual under this section until the individual has given the [EEOC] not less than *thirty days'* notice of an intent to file such action. Such notice shall be filed within *one hundred and eighty days* after the alleged unlawful practice occurred.

29 U.S.C. § 633a(d) (emphasis added). It is this provision of the Act upon which defendant's statute of limitations argument is based.

Any meaningful discussion of § 633a(d) must begin with *Stevens, supra.* In that case, the Supreme Court stated that the two aforementioned time limits—30 days from notice to the EEOC of an intent to sue and 180 days prior to notice to the EEOC—operate as follows: If a plaintiff is discriminated against on Day 1, he or she has until Day 180 to notify the EEOC that he or she intends to sue for age discrimination. The thirty day period commences with the filing of the notice of an intent to sue. Thus, for example, if discrimination occurs on Day 1, and notification is given to the EEOC on Day 175, the plaintiff cannot institute suit until at least Day 205. *See Stevens,* 500 U.S. at 6–7, 111 S.Ct. at 1566–67. Significantly, for present purposes, § 633a *does not* state how long after the 30–day waiting period has expired a plaintiff can wait to actually file suit. The unanimous *Stevens* Court, recognizing this lack of direction in the statute, stated: "The statute does not expressly impose an additional limitations period for a complaint of age discrimination. We therefore assume, as we have before, that Congress intended to impose an appropriate period either from a state statute or from an analogous federal one. *Agency Holding Corp. v. Malley–Duff & Assoc., Inc.,* 483 U.S. 143, 146–48, 107 S.Ct. 2759, 2762–63, 97 L.Ed.2d 121 (1987)." *Stevens,* 500 U.S. at 7–8, 111 S.Ct. at 1567. However, the Court went on to point out that the statute's silence as to the limitations period was not problematic in *Stevens,* because Stevens filed his suit one year and six days

after the alleged discrimination. "That ... 'is well within whatever statute of limitations might apply to the action.'" *Id.* (quoting brief for the respondents).

Citing several cases, defendant vigorously argues that the time period that should be "borrowed" from analogous statutes is that used in Title VII (42 U.S.C. § 2000e *et seq.*) actions, which requires suits to be instituted within 30 days of the receipt of an adverse determination from the EEOC. *See, e.g., Taylor v. Espy,* 816 F.Supp. 1553, 1559 (N.D.Ga.1993) (Murphy, J.); *Lavery v. Marsh,* 918 F.2d 1022 (1st Cir.1990); *Long v. Frank,* 813 F.Supp. 969, 971–72 (E.D.N.Y. 1993). Plaintiff contends that use of Title VII's time limits is inappropriate, and distinguishes the cases supporting defendant's position by emphasizing that the plaintiffs in those cases *did not* elect to proceed directly to court, but, rather, followed the alternative course of seeking redress through the administrative process of the EEOC. Plaintiff argues that the general six-year statute of limitations applicable to suits against the United States should apply. *See* 28 U.S.C. 2401(a);[3] *Lubniewski v. Lehman,* 891 F.2d 216, 220–221 (9th Cir.1989) (applying six-year statute of limitations to § 633a claim instead of borrowing thirty-day period from Title VII).[4] *See also Bornholdt v. Brady,* 869 F.2d 57, 66 (2d Cir.1989) (holding that Congress did not intend to utilize Title VII's limitations period in ADEA actions, but stating it was unable to determine which statute of limitations applied).

The court finds that neither the "catch-all" six-year statute of limitations urged by plaintiff, nor the 30–day limitation urged by defendant,[5] applies to this action. As to defendant's contention, plaintiff correctly emphasizes that all of the cases "borrowing" the Title VII 30–day limitation period involved plaintiffs who first utilized the services of the EEOC. Title VII plaintiffs, unlike ADEA

plaintiffs, do not have the option of bypassing the EEOC in order to prosecute their claims. Therefore, an ADEA plaintiff who *does* involve the EEOC in his or her claim stands in a virtually identical position to a Title VII plaintiff. In such a circumstance, it makes sense to use the same statute of limitations. The instant plaintiff, however, does not occupy such a position.

Applying the thirty-day statute of limitations in cases in which an ADEA plaintiff proceeds directly to court would contradict not only the letter of the Act, but the purpose, as well. As the *Stevens* Court noted, suit cannot be instituted under § 633a(d) until *after* 30 days of notice to the EEOC if the plaintiff's intent to sue. This stands in direct contrast to defendant's proposed interpretation, which would require plaintiff to file suit *before* 30 days elapse.

Further, the Act itself provides a clue as to the purpose for the 30–day waiting period specified in § 633a(d). After stating the aforementioned 180–day and 30–day time periods, the statute continues: "Upon receiving a notice of intent to sue, the [EEOC] shall promptly notify all persons named therein as prospective defendants in the action and take any appropriate action to assure the elimination of any unlawful practice." 29 U.S.C. § 633a(d). By employing this language, Congress intended to involve the EEOC even in cases where the plaintiff chooses to proceed directly to court. The 30–day waiting period facilitates this involvement by allowing the EEOC time to perform its statutorily-defined functions. Requiring an action to go forward before this waiting period elapses could possibly impinge in the EEOC's performance of its duties. Thus, the court cannot agree with defendant that the 30–day limitation should apply.

Given that Title VII's limitations period cannot be borrowed in this action, the court

---

**3.** "[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

**4.** The court notes that, although plaintiff cites *Lubniewski* in support of his position, the plaintiff in *Lubniewski,* like the litigants in defendant's

cases, proceeded first under the administrative processes of the EEOC before instituting his action.

**5.** The court notes that defendant nowhere expressly argues for a 30–day limit, although the court must imply the same since every case cited by defendant involved a 30–day limit.

must look elsewhere for an appropriate limitations period. The court finds plaintiff's proposed six-year limitations period to be inapplicable as well. For one thing, applying a general statute when there exist similar statutes [e.g., the private-defendant portion of the ADEA [6]] would ignore the Supreme Court's directive in *Stevens* to apply the limitations period of an analogous statute.[7] Moreover, applying a six-year statute of limitations would create an anomaly in all of civil rights litigation, where the longest applicable statute of limitations is that governing private actions under the ADEA, which is either two years (for most cases) or three years (for willful violations). *See* 29 U.S.C. § 626(e) (incorporating the limitations period from the Fair Labor Standards Act, 29 U.S.C. § 255(a)).

The court finds that the appropriate statute of limitations for this action is that used in private actions under the ADEA. The court notes that other courts have borrowed the same two- or three-year limitations period from the ADEA to govern § 633a(d) claims. *See Coleman v. Nolan*, 693 F.Supp. 1544, 1548 (S.D.N.Y.1988); *Wiersema v. Tennessee Valley Auth.*, 648 F.Supp. 66, 68 (E.D.Tenn.1986). However, the court is also cognizant that another judge in this district has expressly declined to follow these decisions. Judge Murphy, in *Taylor, supra*, held that the private action statute of limitations should not apply because 29 U.S.C. § 633a is " 'self-contained and unaffected by other sections, including those governing procedures applicable in actions against private employers.' " *Taylor*, 816 F.Supp. at 1559 (citing *Lehman v. Nakshian*, 453 U.S. 156, 167, 101 S.Ct. 2698, 2705, 69 L.Ed.2d 548 (1981)). *See also* 29 U.S.C. § 633a(f) (right of action

against the federal government allowed by § 633a "*shall not* be subject to, or affected by, any [other] provision of this chapter [the full ADEA]") (emphasis added).

The court is not bound by *Taylor*, however, and respectfully declines to follow it here. The court notes that the passage quoted from *Nakshian*, relied upon in part in *Taylor*, concerned the applicability *vel non* of the *jury trial* right in private ADEA actions to the corresponding right of action against the federal government conferred by the sections of the ADEA here at issue. Such a concern differs qualitatively from whether a statute of limitations can be borrowed where no such period is ensconced in the statute applicable to the federal government. In fact, the silence of § 633a on the jury trial issue was deemed determinative by the *Nakshian* Court, whereas the *Stevens* Court explicitly stated that silence on the subject of the limitations period requires borrowing from an analogous statute.

The other basis for the *Taylor* court's rejection of the private action limitations period, the statutory provision that § 633a shall not be affected by any other provision of the ADEA, poses different, but not insurmountable, obstacles to borrowing the two- or three-year period from the private statute. While it is true that § 633a(f) indicates that 29 U.S.C. § 633a "*shall not* be subject to, or affected by, any [other] provision" of the ADEA (emphasis added), the court finds this language inapplicable to the kind of "borrowing" contemplated by the Supreme Court.

The court recognizes, of course, that § 633a(f) prevents, for example, the application of the jury trial right to § 633a actions (*Nakshian* ), as well as the utilization of other procedures governing private actions.[8]

---

**6.** 29 U.S.C. § 621 *et seq.* These provisions govern actions against private employers. For ease of discussion, the court will refer to actions instituted pursuant to § 621 *et seq.* as "private actions."

**7.** The court cannot borrow an analogous state statute because Georgia's Fair Employment Practices Act [FEPA], O.C.G.A. § 45–19–20 *et seq.*, which includes age discrimination as a prohibited practice, is patterned after Title VII. *See* O.C.G.A. § 45–19–21(a)(1) (statement of legislative purpose). Under Georgia's FEPA, complainants must, as in Title VII cases, go through

administrative procedures and cannot institute suit unless and until an unfavorable decision is made by the administrative body. *See* O.C.G.A. § 45–19–36. Therefore, the limitations period of Georgia's FEPA is as unavailing as Title VII.

**8.** Indeed, it is because of § 633a(f) that the court grants defendant's motion for summary judgment on the issue of attorney's fees and liquidated damages. Though liquidated damages and attorney's fees are provided for in the private-action portion of the ADEA, such relief is not available when proceeding against the federal government under § 633a. *See Chambers v.*

But "borrowing" the statute of limitations from § 626(e) does not "apply" the provisions governing private actions to actions against the federal government. Instead, § 626(e) provides a form of guidance by which the court can fill the gaps in § 633a left by Congress. Simply stated, the statute of limitations provided in the private ADEA provisions does not *control* this action. Instead, it *assists* the court in determining the appropriate limitations period where none is specified by statute.

In light of the foregoing, the court finds the portion of plaintiff's complaint based upon the 1986 events to be time-barred, due to the fact that this action was instituted more than three years subsequent to the lapse of the 30–day waiting period after he filed his notice of intent to sue with the EEOC. Defendant's motion for partial summary judgment is granted.

*Conclusion*

Accordingly, defendant's motion for partial summary judgment [# 18–1] is GRANTED. Because of the importance of the issues discussed in this Order, and finding no just reason for delay, the Clerk is DIRECTED to ENTER JUDGMENT, pursuant to Fed. R.Civ.P. 54, in favor of defendant as to Count I of plaintiff's complaint. Because the consolidated pretrial order has been filed, and all outstanding motions resolved, this action shall be prepared for trial.

SO ORDERED.

*Weinberger,* 591 F.Supp. 1554, 1556 (N.D.Ga. 1984) (Evans, J.) (liquidated damages); *Lewis v. Federal Prison Industries, Inc.,* 953 F.2d 1277 (11th Cir.1992) (attorney's fees).

The court also grants defendant's motion for summary judgment as to plaintiff's request for pre-judgment interest. *See Library of Congress v.*

*Shaw,* 478 U.S. 310, 313, 106 S.Ct. 2957, 2961, 92 L.Ed.2d 250 (1986) ("In the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award.").