United States Court of Appeals,

Eleventh Circuit.

No. 94-8405.

Richard A. EDWARDS, Plaintiff-Appellant,

v.

Donna E. SHALALA, Secretary, Department of Health and Human Services, Defendant-Appellee.

Sept. 15, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:90-cv-2241-RCF), Richard C. Freeman, Senior District Judge.

Before COX, Circuit Judge, CLARK and WOOD[*], Jr., Senior Circuit Judges.

WOOD, Jr., Senior Circuit Judge:

A federal employee brought suit alleging age discrimination in violation of the Age Discrimination in Employment Act. The Secretary for Health and Human Services moved for partial summary judgment on the basis that the action was barred by the statute of limitations. The district court granted the Secretary's motion and directed the entry of final judgment pursuant to Fed.R.Civ.P. Rule 54(b).[1] *Edwards v. Shalala,* 846 F.Supp. 997 (N.D.Ga.1994). Edwards appeals.

---

[*]Honorable Harlington Wood, Jr., Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

[1]When there are multiple claims or multiple parties involved, Rule 54(b) allows the court to enter final judgment as to one or more of the claims or parties on an express determination that there is no just reason for delay. Fed.R.Civ.P. 54(b). Because an entry under Rule 54(b) constitutes a final judgment, the judgment is immediately appealable. Here Edwards immediately appealed the district court's judgment that one of his claims involving events from 1986 was time barred.

I.

The facts of this case are straightforward. Since 1979 Richard Edwards [Edwards] has been employed as an accountant by the federal government in the Health Care Financing Administration [HCFA]. The HCFA is a division under the supervision of the Department of Health and Human Services [HHS]. In 1985, HHS issued a notice that two accounting positions within HCFA were open. Both positions were one grade level higher than Edwards' current grade. Edwards, then fifty years old, applied for both positions but was denied [1986 events]. HHS subsequently filled the positions with persons at least ten years younger than Edwards. In July 1986, Edwards filed a notice of his intent to sue with the Equal Employment Opportunity Commission [EEOC]. A similar incident happened to Edwards again in 1990 [1990 events]. After the 1990 events, Edwards initiated this action alleging discrimination for both the 1986 and 1990 events pursuant to the Age Discrimination in Employment Act [ADEA] pertaining to actions against the federal government.[2] 29 U.S.C. § 633a.[3]

---

[2]There are two routes a person may take when they choose to pursue an age discrimination claim against the government. First, the person may seek resolution through the EEOC administrative process and file an action in federal court only if unsatisfied with the results obtained from the EEOC. 29 U.S.C. § 633a(b). In the alternative, the claimant may bypass the EEOC and directly institute suit in federal court. 29 U.S.C. § 633a(c). The latter is the course of action Edwards chose to pursue in bringing his age discrimination claim against HHS.

[3]Section 633a in pertinent part states:

> All personnel actions affecting employees or applicants for employment who are at least 40 years of age ... shall be made free from any discrimination based on age.

HHS sought a partial summary judgment on the claim involving the 1986 events, claiming that Edwards' allegations concerning the 1986 events were time-barred.[4] Because the ADEA does not prescribe an appropriate statute of limitations for claims brought by federal employees who bring suit directly in federal court, the district court preliminarily determined that the governing statute of limitations would be the same limitations period used in private actions brought under the ADEA. *See* 29 U.S.C. § 626(e).[5] The district court found that Edwards' claim relating to the 1986 events was time-barred under § 626(e) and therefore granted HHS' motion for partial summary judgment. Edwards urges that the district court erred in applying § 626(e) because § 633a(f) explicitly states that claims brought under § 633a are independent of and unaffected by all other provisions of the ADEA. Therefore, he argues, the statute of limitations for ADEA actions brought against private employers cannot be applied to ADEA actions against the federal government. Edwards appeals.

## II.

We review the district court's grant of summary judgment *de novo*. *Thornton v. E.I. Du Pont De Nemours & Co.,* 22 F.3d 284, 288 (11th Cir.1994); *Vernon v. F.D.I.C.,* 981 F.2d 1230, 1232 (11th Cir.1993); *Meek v. Metropolitan Dade County,* 908 F.2d 1540, 1544

---

[4]The parties have subsequently settled the appellant's other claim based on the 1990 events.

[5]Section 626(e) incorporates by reference the statute of limitations under § 255, which is to be applied in ADEA actions against private employers when the employee initiates the action in federal court. The statute provides for a two year statute of limitations for general violations and a three year limitations period for willful violations. 29 U.S.C. § 626(e).

(11th Cir.1990). Summary judgment is appropriate only if it appears through the pleadings, affidavits, admissions and depositions that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). This case presents an issue of first impression for this circuit. In an age discrimination action brought directly to federal court by a federal employee, the ADEA is silent on the appropriate statute of limitations. The analysis begins with § 633a(d): when claimants bypass the EEOC and initiate an action in federal court, they become subject to certain time limits and procedures provided for under § 633a(d). That section provides:

> When the individual has not filed a complaint concerning age discrimination with the Commission, no civil action may be commenced by any individual under this section until the individual has given the Commission not less than 30 days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred. Upon receiving a notice of intent to sue, the Commission shall promptly notify all persons named therein as prospective defendants in the action and take any appropriate action to assure the elimination of any unlawful practice.

29 U.S.C. § 633a(d). The Supreme Court clarified the time limits imposed under § 633a(d) in *Stevens v. Department of the Treasury,* 500 U.S. 1, 111 S.Ct. 1562, 114 L.Ed.2d 1 (1991). In *Stevens,* the Court explained that plaintiffs have 180 days from the day the alleged unlawful practice occurred to notify the EEOC of their intent to sue. *Id.* at 6-7, 111 S.Ct. at 1566-67. Once the plaintiff notifies the EEOC, the plaintiff must wait at least 30 days from when the notice was given before filing suit in federal

court.  *Id.*  The problem here is that § 633a(d) is silent on how long after the expiration of the thirty day period a plaintiff can wait before filing a suit.  The Court did not have to address this issue in *Stevens* because the federal employee's suit was filed within one year and six days after the alleged discrimination, well within whatever statute of limitations might have applied.  The Court, however, in dicta stated:

> There is no foundation that we can discern for any conclusion that the suit was not filed within the applicable period of limitations.  The statute [§ 633a(d) ] does not expressly impose any additional limitations period for a complaint of age discrimination.  We therefore assume, as we have before, that Congress intended to impose an appropriate period borrowed either from a state statute or from an analogous federal one.

*Id.* at 7, 111 S.Ct. at 1567.  We must therefore "borrow" an appropriate statute of limitations from a statute that is "analogous" to the ADEA.  The discussion turns on which statute is most analogous.

Edwards contends the appropriate statue of limitations for ADEA actions by federal employees is the six year statute of limitations for non-tort civil claims against the United States, 28 U.S.C. § 2401(a).[6]  The appellant's argument is that the express language in § 633a(f) prohibits applying any other ADEA sections to the provisions of § 633a.  Therefore, Edwards contends that the district court erred when it applied the statute of limitations involved in private ADEA actions under § 626(e) to federal employees' actions involving § 633a.  The government argues that

---

[6]Section 2401(a) states that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a).

the district court did not err in ruling the appellant's claim was time-barred, but the court should have borrowed the thirty day statute of limitations from Title VII, 42 U.S.C. § 2000e-16(c).

There is a split among the circuits in determining which federal statute is "analogous" to the ADEA. The Ninth and the Second Circuits have both found in favor of Edwards' contention that the general statute of limitations under 28 U.S.C. § 2401(a) applies. *See Lubniewski v. Lehman,* 891 F.2d 216 (9th Cir.1989); *Bornholdt v. Brady,* 869 F.2d 57 (2d Cir.1989).[7] There is also substantial authority that finds Title VII is most analogous to the ADEA and therefore Title VII's thirty day limitations period should apply. *See Jones v. Runyon,* 32 F.3d 1454 (10th Cir.1994); *Long v. Frank,* 22 F.3d 54 (2d Cir.1994); *Lavery v. Marsh,* 918 F.2d 1022 (1st Cir.1990); *Elder v. Cisneros,* No. 94 C 0597, 1995 WL 107108 (N.D.Ill March 8, 1995). The district court took a different route and found neither Title VII nor § 2401(a) was as analogous to the ADEA as the Act's own § 626(e).[8] *See also Coleman v. Nolan,* 693

---

[7]It appears that the continuing vitality of this position is questionable. The Ninth Circuit in its *Lubniewski* decision relied almost exclusively on the Second Circuit's decision in *Bornholdt* when the court held that the general six year statute of limitations under § 2401(a) should apply in these matters. *Bornholdt's* validity, however, was expressly rejected, as dicta, in *Long v. Frank,* 22 F.3d 54, 56-57 (2d Cir.1994). *See Jones v. Runyon,* 32 F.3d 1454, 1456 n. 3 (10th Cir.1994).

[8]Note also that there is a split in authority between the district courts within the Eleventh Circuit. *See Edwards v. Shalala,* 846 F.Supp. 997 (N.D.Ga.1994); *c.f. Taylor v. Espy,* 816 F.Supp. 1553 (N.D.Ga.1993). *Attwell v. Granger,* 748 F.Supp. 866 (N.D.Ga.1990), also addressed this issue, but did not have to choose between the application of either statute of limitations because under both the action would have been timely in that case. Note, however, that the court in *Attwell* found the choice to be between § 626(e), the private action statute of limitations in the ADEA, or the general six year limitations period under §

F.Supp. 1544, 1548 (S.D.N.Y.1988); *Wiersema v. Tennessee Valley Auth.,* 648 F.Supp. 66, 68 (E.D.Tenn.1986).

We initially find that the six year limitations period under 28 U.S.C. § 2401(a) for non-tort civil actions against the federal government is not sufficiently analogous to the ADEA to apply its six year limitations period. We agree with the district court and several other courts which have found that it appears contrary to the Supreme Court's directives in *Stevens* to apply a statute of general applicability when there are other more relevant statutory provisions. *See Lavery,* 918 F.2d at 1026-27 (quoting *Coleman v. Nolan,* 693 F.Supp. 1544, 1548 (S.D.N.Y.1988)); *Taylor v. Espy,* 816 F.Supp. 1553, 1558 (N.D.Ga.1993); *see also Wilson v. Garcia,* 471 U.S. 261, 278-80, 105 S.Ct. 1938, 1948-49, 85 L.Ed.2d 254 (1985) (refusing to apply a catch-all provision when another statute of limitations governing conduct more closely analogous to the conduct at issue was available). Moreover, 28 U.S.C. § 2401(a) merely sets an outside time limit on suits against the United States. This cannot be read to mean that when Congress creates a cause of action without a specific limitations period, the general statute should govern. *Lavery,* 918 F.2d at 1026. Further, it is inconsistent to suggest that Congress would allow a two to three year statute of limitations for a claim brought against a private employer, but provide a period up to six years for claims brought against the government. We find that the six year statute of limitations under 28 U.S.C. § 2401(a) does not apply to ADEA claims brought by federal employees. Finding that the statute of limitations under

---

2401(a).

§ 2401(a) does not apply, Edwards' claim is barred. Even if the court were to subsequently agree with the district court that the two to three year private action statute of limitations under § 626(e) would apply, Edwards' claim would still be beyond the limitations period. We, however, continue with our analysis in light of the conflict between the circuits.

Next, we address the choice between § 626(e) of the ADEA and Title VII, and which of these statutes is more analogous to the ADEA. The district court disregarded the application of Title VII to federal employee ADEA claims for two reasons. First, the district court found that applying a thirty day statute of limitations in an ADEA claim where the plaintiff proceeds directly to court, would contradict the purpose of the ADEA. *Edwards,* 846 F.Supp. at 1000. Second, the district court found that, despite its seemingly restrictive language, § 633a(f) did not prohibit the court from applying the statute of limitations under § 626(e) of the Act to claims brought under § 633a. *Id.* at 1001. As to the first reason, the district court found that under the Court's directives in *Stevens,* a plaintiff must wait thirty days after he gives the EEOC notice of his intent to sue before he can file in federal court; therefore, if this EEOC thirty day period is read in conjunction with the thirty day statute of limitations, a plaintiff would have to circumvent the thirty day EEOC period in order to make a timely filing before the statute of limitations ran. We find, however, there is no authority to support the district court's interpretation. If the Title VII thirty day statute of limitations would apply, as like any other applicable

statute of limitations, the period would begin to run on the expiration of the EEOC's thirty day notice waiting period. The relevant question concerns the appropriate time period for a federal employee to file an ADEA claim *after* the EEOC thirty day period has expired. There is nothing to indicate that both thirty day periods would begin to run at the same time and therefore one would have to circumvent the EEOC waiting period in order to make a timely filing.

In regards to § 633a(f), the district court disregarded the language of the statute and found that § 626(e) could still provide the relevant statute of limitations for claims brought under § 633a. Section 633a(f) states:

> Any personnel action of any department, agency, or other entity referred to in subsection (a) of this section shall not be subject to, or affected by, any provision of this chapter, other than the provisions of section 631(b) of this title and the provisions of this section.

29 U.S.C. § 633a(f). Edwards argues that § 626(e) was not applicable because § 633a(f) expressly prohibited the district court from looking into other parts of the Act for a statute of limitations to apply to action based on § 633a. Based on the express language of the statute, it appears that any referral to other provisions in the ADEA is forbidden. Further, the legislative history makes it clear that § 633a "is independent of any other section of [the ADEA]." H.R.Conf.Rep. No. 950, 9th Cong., 2d Sess. 11 (1978), *reprinted in* 1978 U.S.C.C.A.N. 504, 528, 532. Its provisions are "self-contained and unaffected by other sections, including those governing procedures applicable in actions against private employers." *Lehman v. Nakshian,* 453 U.S.

156, 168, 101 S.Ct. 2698, 2705, 69 L.Ed.2d 548 (1981); *see also Long v. Frank,* 22 F.3d 54, 57 (2d Cir.1994). The district court got around this issue by reasoning that the "borrowing" of the statute of limitations from § 626(e) was not the same as literally "applying" the provisions governing private actions to actions against the federal government. *Edwards,* 846 F.Supp. at 1002. The court stated that instead "§ 626(e) provides a form of guidance by which the court can fill the gaps in § 633a left by Congress." *Id.* The reality of "borrowing" the statute of limitations from § 626(e) is that the court is in essence applying that section, although it may wish to appear as though it is only referring to it. We find that in this often difficult area it would be in direct contravention of § 633a(f) to borrow the statute of limitations from another provision within the ADEA and apply it to a claim brought under § 633a.

This court agrees with the majority of other circuits which have addressed this issue and found that Title VII is most analogous to the ADEA, and therefore provides the most appropriate statute from which to borrow an applicable statute of limitations for ADEA actions brought by federal employees directly into federal court. *See e.g., Jones v. Runyon,* 32 F.3d 1454, 1455 (10th Cir.1994); *Long v. Frank,* 22 F.3d 54, 57 (2d Cir.1994); *Lavery v. Marsh,* 918 F.2d 1022, 1025 (1st Cir.1990); *Elder v. Cisneros,* No. 94 C 0597, 1995 WL 107108 at *2 (N.D.Ill. March 8, 1995); *Rawlett v. Runyun,* 849 F.Supp. 449 (E.D.Va.1994). Title VII is a natural source for borrowing a statute of limitations for age discrimination cases because "the ADEA and Title VII share a common

purpose, the elimination of discrimination in the workplace...." *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979). The first two sections of § 633a were "patterned after" similar sections in Title VII, which extended the protection of Title VII to federal employees. *Lehman,* 453 U.S. at 163-64, 101 S.Ct. at 2703. Moreover, it is significant that the EEOC's current regulations enforcing provisions of the ADEA apply the same statute of limitations period to federal claims under Title VII. *See* 29 C.F.R. § 1614.408. It is persuasive that the administrative regulations support the borrowing of Title VII's limitations period. "An agency's interpretation of an ambiguous provision within a statute it is authorized to implement is entitled to judicial deference." *Jones,* 32 F.2d at 1457-58; *see also Pauley v. BethEnergy Mines, Inc.,* 501 U.S. 680, 696-98, 111 S.Ct. 2524, 2533-35, 115 L.Ed.2d 604 (1991); *Chevron USA, Inc v. Natural Resources Defense Council,* 467 U.S. 837, 866, 104 S.Ct. 2778, 2793, 81 L.Ed.2d 694 (1984). Therefore, this court holds that the analogous limitations period from Title VII, 42 U.S.C. § 2000e-16(c), is the appropriate period to apply to ADEA claims brought by federal employees directly into federal court.

Although the basis of our holding differs from the district court, the result is the same and accordingly, the decision of the district court is AFFIRMED.