**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THOMAS RAWLETT,
Plaintiff-Appellant,

v.

No. 94-1751

MARVIN RUNYON, Postmaster
General, United States Post Office,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CA-93-1279-A)

Submitted: November 19, 1996

Decided: December 23, 1996

Before MURNAGHAN, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas Rawlett, Appellant Pro Se. Dennis Edward Szybala, Assistant United States Attorney, Alexandria, Virginia; Lori Joan Dym, UNITED STATES POSTAL SERVICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas Rawlett, an employee of the United States Postal Service in Northern Virginia, was informed on March 25, 1989, that he had not been chosen for a promotion to lead mechanic. Rawlett was over age forty at the time; the promotion was given to a man under forty. Rawlett proceeded to challenge the decision through the Equal Employment Opportunity Commission (EEOC), which ultimately found no discrimination. Rawlett was informed on April 10, 1991, that he had the right to file a civil action in district court, and that different district courts could apply different limitations period for filing an action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §§ 621-634 (West 1985 & Supp. 1996).

In September 1993 Rawlett made a request for reconsideration with the EEOC, which the agency denied as untimely. Rawlett then filed the complaint in this case on October 12, 1993. The district court granted summary judgment, holding that the claim was untimely filed. Rawlett appeals.

The ADEA contains no limitations provision for a federal employee who pursues administrative remedies before going to court. Therefore, an appropriate limitations period must be adopted from an analogous federal or state provision. Stevens v. Department of Treasury, 500 U.S. 1, 7-8 (1991). Most of the circuits that have addressed the issue have elected to apply the limitations period of Title VII, 42 U.S.C.A. § 2000e-16(c) (1972), amended by Act of Nov. 21, 1991, 42 U.S.C. § 2000e-16(c) (1994), requiring the litigant to file a civil action within thirty days of receipt of notice of final agency action.* Jones v. Runyon, 32 F.3d 1454, 1456 (10th Cir. 1994); Long

_____

*Pursuant to the Civil Rights Act of 1991, that time period is now ninety days. 42 U.S.C. § 2000e-16(c) (1994). But the Civil Rights Act of 1991 is not retroactive to conduct that occurred before the revision where such application would extend the liability of a party. See Landgraf v. USI Film Prods., 511 U.S. 244, 280 (1994).

2

v. Frank, 22 F.3d 54, 56-59 (2d Cir. 1994), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3563 (U.S. Jan. 23, 1995) (No. 94-6226); Lavery v. Marsh, 918 F.2d 1022, 1024-27 (1st Cir. 1990); see Edwards v. Shalala, 64 F.3d 601, 603-06 (11th Cir. 1995) (holding that Title VII is most analogous to the ADEA, and provides the most appropriate statute of limitations to borrow). The Ninth Circuit has ruled that the six-year general statute of limitations for nontort civil claims against the government, 28 U.S.C. § 2401(a) (1994), applied to ADEA claims against federal employers. Lubniewski v. Lehman , 891 F.2d 216, 220-21 (9th Cir. 1989).

The district court rejected both these options and chose to apply the limitations period from the Fair Labor Standards Act (FLSA), 29 U.S.C. § 255 (1994), which has also been used in the private sector ADEA. This approach has been rejected by other courts as being in contravention of 29 U.S.C. § 633a(f) (1994), which prohibits borrowing provisions from the private sector ADEA. See Edwards, 64 F.3d at 606; Long, 22 F.3d at 57. We have decided to join the majority of circuits that have addressed the issue and adopt the thirty-day period of Title VII. Applying this limitation period, we reach the same result as the district court--Rawlett's ADEA action was untimely filed.

Accordingly, we affirm the district court's judgment below, on slightly different reasoning. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED

3