**Thomas RAWLETT, Plaintiff,**

v.

**Marvin RUNYUN, Postmaster General, U.S. Post Office, Defendant.**

**Civ. A. No. 93–1279–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

April 20, 1994.

---

Thomas Rawlett, pro se.

Dennis E. Szybala, U.S. Attorney's Office, Alexandria, VA, for defendant.

## MEMORANDUM OPINION

CACHERIS, Chief Judge.

At issue in this case is the appropriate statute of limitations for an ADEA claim brought by a federal employee. Plaintiff, Thomas Rawlett, has brought this action for relief under the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 633a. Defendant, Marvin Runyun, has filed a motion to dismiss or, in the alternative, for summary judgment. As plaintiff and defendant have asked the Court to look at material outside the pleadings the Court will treat the entire motion as one for summary judgment. For reasons set forth below the Court adopts the two year/three year statute of limitations of the Fair Labor Standards Act, 29 U.S.C. § 255. Accordingly, defendant's motion for summary judgment is GRANTED.

### I.

Plaintiff was an Auto Mechanic, PS–6, in the former Northern Virginia Division of the U.S. Postal Service. On January 30, 1989, plaintiff, who was over forty, applied for one of two positions of Lead Automotive Mechanic. Also applying for the positions were three other candidates over forty, Harry Hakenson, Roger Killinger and Nelson Sitton, and one under forty, Dana Long.

Hakenson, Sitton, Killinger and plaintiff were all full time employees. Long was a part-time employee.[1] The Postal Service appointed a three member promotion panel, which screened the candidates on their written applications only. The panel was notified that it was to send its top three names to the selecting official, Louis Frantz.

The panel disqualified Mr. Sitton because he failed to complete all of his applications forms. The panel then met and compared each remaining candidate's application against twelve published Postal Service "proficiency requirements" for the Lead Mechanic Position. After discussion and deliberation, the committee selected Hakenson, Long and Killinger, in that order, as the best quali-

fied candidates to forward to Frantz. Frantz then selected Hakenson and Long.

On March 25, 1989, plaintiff was notified he had not been selected. Plaintiff then filed an informal administrative EEO complaint with the Postal Service on April 13, 1989, alleging that his non-selection was based on his age, and that he had been discriminated against when Long, a younger, less qualified applicant, was selected.

Plaintiff's administrative complaint eventually went to a hearing. An EEOC Administrative Judge issued a Recommended Decision that found the Postal Service had discriminated against plaintiff based upon his age. The Postal Service rejected the Recommended Decision and plaintiff appealed to the EEOC. On April 10, 1991, the EEOC upheld the decision of the Postal Service and found no discrimination.

Incorporated in the EEOC decision was a section headed "Right to Request Reopening." In that section the EEOC informed plaintiff that he could request such a reopening or reconsideration within thirty (30) calendar days of the date he received the EEOC decision. The EEOC also put plaintiff on notice of the thirty (30) calendar day time limitation in filing a civil action in the District Court. Plaintiff was told that the time limitation for an age discrimination case may differ from that of other discrimination claims. *See* Defendant's Ex. A, pp. 7–8.

Plaintiff alleges that he filed a Request for Reconsideration within thirty (30) days of receiving the EEOC's decision. After an extended time had passed plaintiff alleges that he contacted Congressman Bateman and requested that he look into the matter. According to plaintiff, the Request for Reconsideration that the EEOC ruled on as untimely was the inquiry from Bateman. Defendant alleges that on December 29, 1992, twenty (20) months after the original EEOC decision was made, plaintiff filed a Request for Reconsideration with the EEOC. The EEOC docketed the request January 11, 1993. In its letter to plaintiff the Commission again cautioned him as follows:

---

1. Full time employees have regular work schedules and are guaranteed 40 hours a week. Part time flexible employees do not have regular schedules or the 40 hour guarantee.

NOTE TO APPELLANT:

If your appeal includes an allegation of AGE DISCRIMINATION, the statute of limitations begins on the date of the violation. Filing this appeal will not stop that time from running. If the time limit is close to expiring, you should consider whether or not you wish to file a civil suit. You may be barred from filing such a suit, should you allow the time limit to expire, EVEN IF YOU HAVE AN APPEAL IN PROCESS WITH THIS OFFICE.

*See* Defendant's Ex. B (capitalization on original).

On September 10, 1993, the EEOC rejected plaintiff's Request for Reconsideration. In denying the request on the grounds of untimeliness, the EEOC noted that plaintiff's representative of record received the original EEOC decision on April 17, 1991. It also noted that plaintiff "offers no explanation for the length of time between the previous decision and the request for reconsideration." *See* Defendant's Ex. C, p. 2. Accordingly, the EEOC found plaintiff's Request for Reconsideration untimely. Plaintiff filed his Complaint in this Court on October 12, 1993, approximately four and one-half years after the alleged employment practice which gave rise to plaintiff's claim.

## II.

Summary judgment is appropriate only if " 'the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Baber v. Hospital Corp. of America,* 977 F.2d 872, 874 (4th Cir.1992); Fed.R.Civ.P. 56(c). "A district court must grant summary judgment if, after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case." *Baber,* 977 F.2d at 874 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).

In summary judgment proceedings, the moving party must demonstrate the absence of a genuine issue of material fact. *Baber,* 977 F.2d at 874. Once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial. *Id.* at 874–75. "While this does not require the non-moving party to submit evidence in a form that would be admissible at trial ... 'unsupported speculation is not sufficient to defeat a summary judgment motion.' " *Id.* at 875 (quoting *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987)).

"The mere existence of a scintilla of evidence in support of the [party's] position will be insufficient; there must be evidence on which the jury could reasonably find for th[at] [party]." *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512. Finally, "[i]n reviewing the evidence submitted by the parties ..., [the court] must view all evidence in the light most favorable to the non-moving party." *Baber,* 977 F.2d at 875.

## III.

■ Defendant argues that plaintiff's cause of action is untimely, and this Court has, therefore, lost jurisdiction. This case is one of first impression for this Circuit. The ADEA provides no specific statute of limitations, *Stevens v. Department of the Treasury,* 500 U.S. 1, 7–8, 111 S.Ct. 1562, 1567, 114 L.Ed.2d 1 (1991), and to date, no court in the Fourth Circuit has determined the appropriate statute of limitations in an age discrimination case against a federal employer. In *Stevens,* the Supreme Court assumed "that Congress intended to impose an appropriate period borrowed either from a state statute or from an analogous federal one." *Id.*

Courts which have considered the ADEA statute of limitations question agree on several points. They agree that the legislative history of the ADEA provides no guidance on why the statute contains no limitations period; and they agree that where a statute has no limitations period, and federal policies are at stake, the courts look to analogous federal statutes from which to borrow a limitations period. *See Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 158–

159, 172, 103 S.Ct. 2281, 2787–88, 2294, 76 L.Ed.2d 476 (1983). However, the courts disagree on which federal statute to borrow. Some courts have adopted the general six year statute for actions against the federal government. *See, e.g., Lubniewski v. Lehman*, 891 F.2d 216 (9th Cir.1989); *Medwid v. Baker*, 752 F.Supp. 125 (S.D.N.Y.1990). Some courts have followed the Title VII requirements. *See, e.g., Lavery v. Marsh*, 918 F.2d 1022 (1st Cir.1990); *Taylor v. Espy*, 816 F.Supp. 1553, 1556–1559 (N.D.Ga.1993). One court has taken an "either/or" approach, willing to apply either the statute of limitations under 42 U.S.C. § 1981, or the two or three year period under the ADEA for actions against private employees. *Coleman v. Nolan*, 693 F.Supp. 1544, 1548 (S.D.N.Y.1988).

■ Plaintiff argues that this Court should apply the general statute of limitations setting an outside time limit of six years on suits against the United States. *See* 28 U.S.C. § 2401(a). However, this Court holds that Congress did not intend for courts to fall back on this catch-all provision whenever a statute of limitation is in question. There are other statutes of limitation from which to choose that more closely mirror the cause of action in this case. "It would indeed be anomalous to hold ... that a federal catch-all provision governs with respect to ADEA claims when there are available other relevant statutory provisions more specifically geared to the claim brought." *Coleman v. Nolan*, 693 F.Supp. at 1548.

Another option is to borrow the statute of limitations from Title VII cases. It has been found by some courts that to borrow this statute is the most reasonable as the ADEA and Title VII share common goals and purposes.[2] They reason that all federal employee discrimination actions should be subject to the same limitations period and that both Title VII and the ADEA are designed to eliminate discrimination in the work place. *Lavery v. Marsh*, 918 F.2d 1022 (1st Cir. 1990); *Taylor v. Espy*, 816 F.Supp. 1553

(N.D.Ga.1993). The argument in favor of borrowing this limitations period is logical but not consistent with other ADEA cases which accrued before the Civil Rights Act of 1991.

This Court holds that the most well-reasoned and consistent limitation period would be the time limitation from the Fair Labor Standards Act ("FLSA") that the private sector ADEA had adopted before the passage of the Civil Rights Act of 1991. The FLSA, which was in part a model for the ADEA, is a federal statute which contains a specific limitations period. The FLSA provides for a two year statute of limitations, and a three year limitation period for willful violations. *See* 29 U.S.C. § 255. The limitations period begins to run after the cause of action accrues. Under either time limitation, plaintiff's cause of action would be barred, as it accrued over four and one-half years before he filed in this Court.

Some courts, however, have resisted incorporating this two or three year period into the ADEA. 29 U.S.C. § 255 is already incorporated in the "private sector" provisions of the ADEA. *See* 29 U.S.C. § 626(e)(1). 29 U.S.C. § 633a(f), however, which governs federal age claims, states that no other "provision of this chapter" (Chapter 14 of Title 29) shall subject or affect federal personnel actions. These courts have reasoned, therefore, that § 633a(f) forbids the adoption of the FLSA limitations period in federal cases. *See, e.g., Bornholdt v. Brady*, 869 F.2d 57, 64–65 (2nd Cir.1989); *Medwid v. Baker*, 752 F.Supp. at 134.

Defendant argues, and the Court finds, that while this analysis appears reasonable at first glance, it is nonetheless faulty. The private sector provisions of the ADEA adopted the statute of limitations from the FLSA which is found at 29 U.S.C. § 255. This statute is not in Chapter 14 of Title 29; it is in Chapter 9 of Title 29. In essence, this Court is borrowing the two or three year statute of limitations from the FLSA, not the

**2.** The Civil Rights Act of 1991 adopted this rationale. As of its passage on November 21, 1991, private employees, who seek administrative review, are required to file their ADEA claim within the same limitations period that applies to Title VII claims, which is 90 days. 29 U.S.C. § 626(e). However, this Court has held that the

Civil Rights Act of 1991 is not retroactive. *Rowson v. County of Arlington*, 786 F.Supp. 555, 560 (E.D.Va.1992). Therefore, the decision announced in this ruling will apply only to those causes of action which accrued prior to the passage of the Civil Rights Act of 1991.

private sector ADEA. Therefore, by adopting provisions of Chapter 9, not Chapter 14, this Court is not violating the proscriptions of § 633a(f).

■ Under the given circumstances, the Court finds it perfectly appropriate and logical to adopt the two and three year FLSA limitations period as the limitations period in this case. The limitations period in 29 U.S.C. § 255 comes from an analogous federal statute, and the matter is one of federal law. Adoption of the two or three year statute of limitations commencing from the cause of action for federal employees creates a uniformity for all ADEA causes of action which accrued prior to the Civil Rights Act of 1991. This Court finds that there is no logical reason for a federal employee to have more or less time to file his cause of action for age discrimination than a private sector employee. This rationale also gives age discrimination cases a timeliness rule roughly equivalent to those for other discrimination cases.[3]

■ In this case, the cause of action accrued no later than April 13, 1989, the date plaintiff filed his informal EEO administrative complaint. His District Court Complaint is dated October 12, 1993, four and one-half years from the date his cause of action accrued. Plaintiff was specifically told twice by the EEOC to pay particular attention to the limitations period of an age discrimination claim. *See* Defendant's Exs. A and B. Even assuming plaintiff did file a Request for Reconsideration within thirty (30) days after he received the EEOC decision, the statute of limitations continued to run; his filing of the Request for Reconsideration did not toll the statute.[4]

Accordingly, this Court finds that plaintiff's cause of action is time barred, and defendant's motion for summary judgment is **GRANTED.**

An appropriate order shall issue.

---

**3.** As discussed in note two, with the passage of the Civil Rights Act of 1991, private employees who seek administrative review must now file their ADEA claim within the same limitations period that applies to Title VII claims. After the passage of the Civil Rights Act of 1991, the EEOC also concluded that federal employees must file an ADEA action within the same time period as a Title VII action. See 29 C.F.R.

ORDER

For reasons stated in the accompanying Memorandum Opinion, it is accordingly ORDERED:

(1) that Defendant's Motion to Dismiss or in the Alternative for Summary Judgment is GRANTED. Plaintiff's Complaint is dismissed with prejudice;

(2) that should plaintiff wish to appeal he must file a written notice of appeal with the Clerk of this Court within thirty days of the date of entry of this order;

(3) that the Clerk shall forward copies of this Order to the plaintiff, *pro se,* and to counsel for the Defendant.

(4) this Order is FINAL.

§ 1614.408(c). As a result, this Court would hold that the Title VII limitations period would apply to all ADEA causes of action accruing after November 21, 1991.

**4.** The Court finds no evidence in this case to support an argument for equitable tolling.