**Gerald W. LITTELL, individually and on behalf of the Class, Appellants,**

v.

**AID ASSOCIATION FOR LUTHERANS, Appellee.**

No. 94–3199.

United States Court of Appeals, Eighth Circuit.

Submitted May 19, 1995.

Decided Aug. 9, 1995.

Susan M. Coler, Minneapolis, MN, argued (Paul C. Sprenger, on the brief), for appellant.

Daniel Gerard Wilczek, Minneapolis, MN, argued (David J. Goldstein, on the brief), for appellee.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, ROSS and WOOD,* Senior Circuit Judges.

ROSS, Senior Circuit Judge.

Gerald Littell (appellant) appeals from the district court's decision dismissing his Age Discrimination in Employment Act (ADEA) lawsuit, 29 U.S.C. § 623(a)(1), against Aid Association for Lutherans (appellee). The court dismissed the action, concluding that the ADEA's statute of limitations, as amended by the Civil Rights Act of 1991, barred appellant's suit. We affirm.

In February 1992, Littell was terminated from his employment with appellee, and on August 5, 1992, appellant filed a charge of discrimination with the Equal Employment Opportunity Center (EEOC), claiming he was terminated on the basis of his age in violation of the ADEA. On May 27, 1993, the EEOC sent appellant a letter notifying him that it had terminated the investigation into his charge. The letter stated in relevant part:

> A lawsuit under the [ADEA] ordinarily must be filed within 2 years of the date of discrimination alleged in the charge. On November 21, 1991, the ADEA was amended to eliminate this 2 year limit. An ADEA lawsuit may now be filed any time from 60 days after a charge is filed until 90 days after receipt of notice that EEOC has completed action on the charge. Because it is not clear whether this amendment applies to instances of alleged discrimination **occurring before November 21, 1991,** a lawsuit should be brought **within 2 years of the date of alleged discrimination and within 90 days of receipt of this letter,** *whichever is earlier,* in order to assure your right to sue.

(Emphasis in original). The letter notes that a copy was sent to appellant's attorney.

Despite this clear warning, appellant failed to file the instant action within 90 days of receipt of the notice as directed by the EEOC. Instead, appellant waited to file his lawsuit until March 28, 1994, ten months after the EEOC gave notice of the termination of its investigation.

The appellee moved to dismiss the action for failure to bring suit within the 90-day statute of limitations contained in 29 U.S.C. § 626(e). The district court held that the Civil Rights Act of 1991, Pub.L. No. 102–166, 105 Stat. 1079 (1991) (codified at 29 U.S.C. § 626(e) (Supp.1995)) ("1991 Act"), eliminated the ADEA's prior two/three-year limitations period and instead provided that an ADEA action must be filed within ninety days of the EEOC's final determination. Accordingly, the court granted the motion and dismissed the case, finding that appellant had exceeded the 90-day period for filing his case after termination of his EEOC claim.

On appeal, appellant concedes that the amended version of the ADEA applies to his suit. He argues, however, that the amended statute did not eliminate the former statute's two/three-year limitations period, but merely added the 90-day provision to expand the rights of plaintiffs who failed to comply with the two/three year requirements.

Prior to the passage of the Civil Rights Act of 1991, the ADEA statute of limitations required plaintiffs to file suit within two years of the alleged discriminatory act, or within three years if the claim involved a willful violation, regardless of whether the EEOC had ruled on their administrative charges. *See* 29 U.S.C. § 626(e) (1988) (su-

---

* THE HONORABLE HARLINGTON WOOD, JR., United States Senior Circuit Judge for the Sev-
enth Circuit, sitting by designation.

perseded 1991); 29 U.S.C. § 255 (1982). Section 626(e) of the former statute expressly incorporated the two/three-year statute of limitations period applicable to claims under the Fair Labor Standards Act (FLSA), as set forth in section 6 of the Portal-to-Portal Act, 29 U.S.C. § 255.

Subsequently, on November 21, 1991, Congress amended the statute of limitations through the Civil Rights Act of 1991, by deleting the reference to § 255 and thereby eliminating the two/three-year statute of limitations period. The amended provision provides that a complaint may be filed within 90 days after the complainant received a "right-to-sue" letter from the EEOC, regardless of how long after the alleged violation the letter was received. 29 U.S.C. § 626(e) (Supp. 1995). Section 626(b), however, remains unaltered, and according to appellant, still imports into the ADEA the two/three-year limitations period created by 29 U.S.C. § 255. Section 626(b) adopts the "procedures" set forth in 29 U.S.C. § 216 of the FLSA. Section 216(c), in turn, incorporates "the statutes of limitations provided in section 255(a) of [the FLSA]," which sets forth the two/three-year limitations period. According to appellant, Congress' decision to leave § 626(b) in tact, along with its circuitous reference to § 255, preserves the two/three-year limitations period, notwithstanding its specific deletion in § 626(e).

We find no merit to this argument. It is significant that under the 1991 Act, Congress deleted the only direct reference to § 255 and thus to the two/three-year limitations period. Moreover, in place of the deleted § 255 reference, Congress expressly added the plain language that ADEA actions "may be brought ... within 90 days after the date of the receipt of ... notice" from the EEOC. 29 U.S.C. § 626(e) (Supp.1995). Adopting appellant's reading of the statute would require us to conclude that § 626(e)'s former explicit reference to § 255 was mere surplus-age by virtue of the indirect reference to § 255 in § 626(b). We reject this argument and instead hold that the amendment to § 626(e) effectively eliminated the two/three-year statute of limitations period and the plain meaning of the statute now provides that failure to file suit within ninety days after the receipt of a notice from the EEOC renders a plaintiff's action untimely. *Accord Sperling v. Hoffman–La Roche, Inc.,* 24 F.3d 463, 464 n. 1 (3d Cir.1994) (The two/three-year limitations period is "no longer expressly incorporated and the statute of limitations ... is 90 days after receipt of a notice."); *Rawlett v. Runyun,* 849 F.Supp. 449, 452 n. 2 (E.D.Va.1994) (Under the amended statute, plaintiffs "are required to file their ADEA claim within the same limitations period that applies to Title VII claims, which is 90 days.).[1]

The judgment of the district court dismissing this action as untimely is affirmed.

---

1. Our court also recently considered the amendment to § 626(e). In *Anderson v. Unisys Corp.,* 47 F.3d 302, 307–08 n. 14 (8th Cir.1995), this court stated the "Civil Rights Act of 1991 ... changed the applicable statute of limitations in ADEA actions." The new statute of limitations "requir[es] that any civil action be filed within 90 days of receiving a right-to-sue letter from the EEOC." (Citations omitted). However, the court avoided the question whether the two/three-year limitations period survived the amendment. *Id. See also Garfield v. J.C. Nichols Real Estate,* 57 F.3d 662, 665 (8th Cir.1995) (dictum) ("This 'new' statute of limitations requires the plaintiff to bring a suit under the ADEA within 90 days after receiving notice that the administrative proceeding has terminated.").